**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Timothy R. LEWIS, Defendant and Appellant.**

**Cr. No. 720.**

Supreme Court of North Dakota.

Feb. 24, 1981.

Bickle, Coles & Snyder, Chartered, Bismarck, for defendant and appellant; argued by James J. Coles, Bismarck.

Patricia L. Burke, Burleigh County Asst. State's Atty., Bismarck, for plaintiff and appellee.

PAULSON, Justice.

Timothy R. Lewis appeals from a judgment of conviction entered against him by the District Court of Burleigh County on January 11, 1980. Lewis was convicted of the crime of robbery which is prohibited by § 12.1–22–01 of the North Dakota Century Code. We affirm the judgment of conviction.

Shortly after 5 p. m. on October 17, 1978, Mrs. Patricia Smith left the Holiday Inn in Bismarck in order to enter her car. As she inserted the car key into the lock on her car door, a man (whom she later identified as Lewis) stated to her "I won't hurt you, lady. All I want is your money." She turned to see a man standing about two feet from her and holding a knife with a dark handle. She ran from the parking lot to the berm which separates Main Avenue in Bismarck from the parking lot of the Holiday Inn when the man tried to grab her arm. Mrs. Smith then turned around and observed the man drop his knife when a car passed her car in the parking lot. She ran back to her car, entered it, and locked the doors. As she drove out of the parking lot, the man ran alongside her car with his face next to the windshield on the driver's side of the car and requested that she stop, which Mrs. Smith refused to do. She noticed that the man was black, that he had a beard, and that he wore a dark jacket and a sweat shirt. Mrs. Smith drove to her place of employment and notified the manager of the Holiday Inn of the attempted robbery. The manager then notified the Bismarck Police Department of the attempted robbery.

Lieutenant Dennis Bullinger of the Mandan Police Department received a radio dispatch message which notified him that a robbery had occurred at the Gourmet House Restaurant. He also received a message which informed him that two black men had entered Bill's Liquor Store in Mandan. Officer Bullinger arrived at Bill's Liquor Store at 6:50 p. m. and Lewis and another man were taken into custody. Bullinger observed a dark jacket in the back seat of their car and obtained a search warrant. The subsequent search of the car revealed a gray sweat shirt inside the jacket; and a knife with a dark handle was found in one of the pockets of the jacket. Lewis was later arrested for commission of the robbery which occurred on the parking lot of the Gourmet House. A photograph of Lewis was taken in Mandan Police Department headquarters and Lewis was asked to remove his eyeglasses in order to eliminate the glare when the photograph of Lewis was taken. Officers of the Bismarck Police Department were notified that two men

were in the custody of the Mandan Police Department in connection with the Gourmet House robbery. On October 18, 1978, Lieutenant Gerard Hoirup of the Bismarck Police Department presented to Mrs. Smith seven photographs. Officer Hoirup made no statements concerning the photographs nor did he suggest that she view any particular photograph. The photographs had previously been used in photographic identification by the Mandan Police Department. The photographs of Lewis and his companion were more recent than the photographs of the men in the other photographs shown to Mrs. Smith. In addition, the photographs of the other men all contained police department identification numbers while the photographs of Lewis and the man taken into custody with him contained no identification numbers. The photographs depicted men with beards and men without beards, as well as men wearing glasses and men not wearing glasses. Only the photograph of Lewis depicted a man with a beard wearing no glasses. Mrs. Smith chose the photograph of Lewis as being the photograph of the man who had attempted to rob her.

A criminal complaint alleging that Lewis had committed the crime of robbery was filed on October 19, 1978, and a criminal information was filed on September 21, 1979. On October 10, 1979, a notice was filed which requested that the trial court find Lewis to be a dangerous special offender. Lewis waived his right to a jury trial and filed a notice of alibi on December 5, 1979. The trial was held on December 6, 1979, and Lewis was found guilty of committing the crime of robbery. At the beginning of the trial, Lewis made a motion to suppress Mrs. Smith's photographic identification on the ground that the photographic identification was conducted in an impermissibly suggestive manner so as to give rise to a very substantial likelihood of irreparable misidentification. On January 11, 1980, a hearing was held on the State's request to have Lewis declared a dangerous special offender. The district court of Burleigh County entered the judgment of conviction and declared Lewis to be a danger-

ous special offender, on January 11, 1980. The notice of appeal was filed on January 18, 1980. The State filed a motion to dismiss the appeal of Lewis; however, this court denied the motion to dismiss in *State v. Lewis*, 300 N.W.2d 206 (N.D.1980).

■ The only issue presented for our consideration concerns whether or not the photographic identification process used by the Bismarck Police Department was impermissibly suggestive in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. A conviction based upon eyewitness identification at trial following a pretrial identification by photograph will be set aside only if the photographic identification procedure was impermissibly suggestive and gave rise to a very substantial likelihood of irreparable misidentification. In addition, the claim must be evaluated in light of the totality of surrounding circumstances. *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); *State v. Lewis*, 300 N.W.2d 210 (N.D.1980). Considerations regarding the totality of the circumstances include (1) whether or not there was substantial vagueness and uncertainty in the original descriptions given by the witnesses to the police; (2) whether or not substantial discrepancies exist between the initial description and the actual appearance of the defendant; (3) whether or not the photograph of the defendant was used more than once or was in some way emphasized when it was shown to the witness; (4) whether or not significant uncertainty existed in the identification of the defendant by the witnesses at the pretrial photographic display; (5) whether or not the police heightened the chances of misidentification by indicating to the viewers that one of the persons portrayed in the photographic display committed the crime; and (6) the time span between the commission of the crime and the time the witness viewed the photographs. *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). See also *State v. McKay*, 234 N.W.2d 853 (N.D.1975).

 The only consideration upon which Lewis bases his claim concerns the manner in which the photograph of Lewis was presented to Mrs. Smith. Lieutenant Bullinger requested that Lewis remove his eyeglasses in order to eliminate the glare from the glasses. The photograph of Lewis was the only photograph of a man with a beard who was not wearing glasses. The photographs were the same photographs presented to another witness on a separate charge of robbery. In *State v. Lewis*, 300 N.W.2d 210 (N.D.1980), we established that the photographic display used therein was not violative of the standard enunciated in *Simmons v. United States, supra.* In the instant case, Lewis advances no new arguments for our consideration. The material facts in this case differ from those in *State v. Lewis*, 300 N.W.2d 210 (N.D.1980), only in the respect that a different crime was involved, and the complaining witness herein, Mrs. Smith, unequivocally identified the photograph of Lewis. She gave an accurate description of Lewis to the police. At the trial, she testified that the attempted robbery occurred in daylight shortly after 5 p. m. on October 17, 1978. She observed the man while she was standing on the berm. When she entered her car, the man pounded on the top of her car and continued to run alongside her car. The man's face was next to the windshield on the driver's side of Mrs. Smith's car and he was looking inside her car. Mrs. Smith identified Lewis's jacket and other clothing he was wearing, another nearby vehicle on which he opened and closed a door, and Lewis's facial appearance. These facts, which illustrate the exceptional opportunities which Mrs. Smith had to view her assailant, coupled with the absence of any evidence that the photographic display was impermissibly suggestive, lead us to believe that the photographic identification was conducted fairly. We do not reach the issue of whether or not Mrs. Smith had an independent basis for her identification of Lewis.[1]

We conclude that the totality of the circumstances surrounding the photographic display procedure reveals that such display was not impermissibly suggestive, and did not give rise to a very substantial likelihood of irreparable misidentification. Therefore, the judgment of conviction is affirmed.

ERICKSTAD, C. J., and PEDERSON, VANDE WALLE and SAND, JJ., concur.

---

1. In *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), the United States Supreme Court held that the standard for determining admissibility in State courts of identification of an accused obtained under suggestive and unnecessary identification procedures is the standard of fairness as required by the Due Process Clause of the Fourteenth Amendment. If it is reliable, the evidence is admissible.