STATE of North Dakota, Plaintiff and Appellee,

v.

Gerald Blair PACKINEAU, Defendant and Appellant.

Cr. No. 870177.

Supreme Court of North Dakota.

May 16, 1988.

---

LEVINE, Justice.

This is an appeal from a judgment of conviction of manslaughter entered upon a conditional guilty plea under Rule 11(a)(2), North Dakota Rules of Criminal Procedure. We affirm.

On July 26, 1986, a southbound pickup driven by George Ferebee was hit from behind by a vehicle allegedly driven by defendant. As a result of injuries sustained in the collision, Mr. Ferebee died.

The collision was witnessed by Vernon Hornberger as he drove northbound on the same roadway. However, Hornberger was not called upon for a statement or other description of the defendant or the collision until November 24, 1986, when Dunn County deputy sheriff Frederikson interviewed Hornberger at the latter's home. During that interview, which was recorded, the deputy conducted a photographic identification. Eight photographs were shown to Hornberger, who identified a photograph of the defendant as the driver of the vehicle.

A preliminary hearing was held shortly afterward and Hornberger again identified the defendant as the driver of the vehicle. Defendant filed a motion to strike the identification and, after hearing, the motion was denied. Thereafter, a negotiated guilty plea was accepted by the court and conviction and sentencing followed. The guilty plea was conditioned upon the defendant's right to appeal from the order denying the motion to strike the identification.

On appeal the defendant argues that because defendant's photograph had imprinted on it the date of the accident, the identification procedure was impermissibly suggestive and the identification should have been ruled inadmissible by the court.

In *Manson v. Brathwaite*, 432 U.S. 98, 114, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140 (1977), the United States Supreme Court clarified the standard for admissibility of out-of-court and in-court identification testimony. It concluded that "reliability is the linchpin in determining the admissibility of identification testimony," and in making that determination, the factors to be con-

Schoppert Law Firm, Minot, for defendant and appellant; argued by Thomas K. Schoppert.

Joseph H. Kubik, State's Atty., Dickinson, for plaintiff and appellee.

sidered are those set out in *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). *Biggers* laid out five factors to be considered in evaluating the likelihood of misidentification, or put another way, the reliability of an identification:

1. The opportunity of the witness to view the criminal at the time of the crime.

2. The witness' degree of attention.

3. The accuracy of the witness' prior description of the criminal.

4. The level of certainty demonstrated by the witness at the confrontation.

5. The length of time between the crime and the confrontation. *Neil v. Biggers,* 409 U.S. at 199–200, 93 S.Ct. at 382.

*Cf. State v. McKay,* 234 N.W.2d 853, 865 (N.D.1975) (victim's close observation of defendant during commission of crime, accurate description of defendant and timely identification may establish independent basis for admissibility of in-court identification separate and apart from suggestive out-of-court viewing).

After analyzing the five *Biggers* factors in evaluating reliability, "the corrupting effect of the suggestive identification" is to be weighed against the five factors. *Manson v. Brathwaite,* 432 U.S. at 114, 97 S.Ct. at 2253.

*Biggers,* reaffirmed in *Brathwaite,* held that a suggestive identification procedure alone does not violate due process and therefore does not require exclusion of the evidence, so long as "under the 'totality of the circumstances' the identification was reliable even though the confrontation procedure was suggestive." 409 U.S. at 199, 93 S.Ct. at 382. *Biggers* thus refined the earlier case of *Simmons v. United States,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), which stands for the the proposition that "convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. United States,* 390 U.S. at 384, 88 S.Ct. at 971.

In *State v. Lewis,* 300 N.W.2d 210 (N.D. 1980), followed by *State v. Lewis,* 302 N.W. 2d 396 (N.D.1981), this court, relying on *Simmons v. United States, supra,* identified six factors to be considered in applying the *Simmons* test. To minimize confusion, we will henceforth rely on the five factors set out in *Biggers* in determining the reliability of eyewitness identification. In accord with *Biggers,* we also refine the framework of our analysis of the admissibility of eyewitness identification evidence.

■ A determination of the admissibility of an out-of-court photographic identification involves a two-step analysis. *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375. First we inquire into whether the photographic identification procedure was suggestive. *Ibid. See, e.g., Powell v. State,* 86 Wis.2d 51, 271 N.W.2d 610 (1978).

The second step of our analysis takes place only if we find that there was a suggestive procedure and then we inquire whether the identification was, under the totality of the circumstances, reliable and thus admissible. *Neil v. Biggers, supra.* To assess reliability under the totality of the circumstances we apply the five criteria. *Ibid.* In resolving the question of reliability we must also weigh the corrupting effect of the suggestive identification. *Manson v. Brathwaite,* 432 U.S. at 114, 97 S.Ct. at 2253.

■ Turning then to whether the photographic identification procedure employed by deputy Frederikson was suggestive, we begin with the general proposition that one alleging facts has the obligation to establish the existence of those facts. *See State v. Lind,* 322 N.W.2d 826 (N.D.1982); *Guild v. More,* 32 N.D. 432, 155 N.W. 44 (1915). Here, the defendant has the burden to prove that the identification procedure was suggestive. Once that burden is met, the burden shifts to the State to show that the identification was nonetheless reliable under the totality of the circumstances. *See State v. Mosley,* 102 Wis.2d 636, 307 N.W. 2d 200 (1981); *State v. Humphrey,* 129 N.H. 654, 531 A.2d 329 (1987).

■ Defendant argues that the procedure was suggestive and therefore condu-

cive to an irreparable mistaken identification because the date of the accident appears on defendant's photograph.

Each of the eight photographs (all of which clearly appear to be mug shots), consists of a double view of the subject—a full view and side view, both depicting the torso and head of the subject. On five of the photographs the subject holds across the middle portion of his torso a placard with three lines of identifying numbers and initials. The third line consists of the word "DATE" followed by a colon and numerical designation of month, day and year. Thus, the defendant's mug shot, consisting of two views, full and profile, contains two placards of three lines each and on the bottom line of each placard there is inscribed: DATE: 07–26–86. Four other photographs bear similar inscriptions of dates, one dated 05–30–86, two dated 09–14–86, and one dated 01–24–86. The dates refer to the dates of booking for each subject and defendant happened to be booked on the date of the accident. The remaining three photographs have only two lines of identifying letters and numbers, with no dates.

The defendant did not call Hornberger to testify at the hearing on the motion to strike. Only deputy sheriff Frederikson testified. Nor did the defendant elicit any testimony from Hornberger at the preliminary hearing about whether Hornberger took note of any of the numbers or letters on the photographs, whether he knew the date of the accident and, if not, whether he remembered the month, or the weather on the particular day, or anything that would indicate that the date of July 26, 1986 was noticed, distinguished from other dates, or in any manner significant in his identification of the defendant's mug shot. Furthermore, the trial court found that there was no discussion about the date and no reference made to the date by either party to the interview prior to Hornsberger's identification of the defendant's photograph.[1]

Defendant urges, in effect, that we decide as a matter of law that the date on the

photograph was suggestive. Under the circumstances of this case, in particular, the significant gap in the record already discussed, we decline to do so. All eight photographs are emblazoned with identification numbers and letters. Five have dates. With the exception of the January date, the other dates are arguably sufficiently proximate to preclude our ruling as a matter of law that the July 26 date was suggestive. We hold that the defendant has failed to sustain his burden of proving suggestiveness.

Because it has not been established that the photographic identification procedure was suggestive, it is unnecessary to examine whether it was otherwise reliable under the totality of the circumstances.

Accordingly, the judgment is affirmed.

ERICKSTAD, C.J., and MESCHKE and GIERKE, JJ., concur.

VANDE WALLE, J., concurs in the result.

---

1. In criminal proceedings we review fact findings by the trial court under the clearly erroneous standard contained in Rule 52(a), NDRCiv.

P. *State v. Padgett,* 393 N.W.2d 754 (N.D.1986); *State v. Saavedra,* 406 N.W.2d 667 (N.D.1987).