**CITY OF MANDAN, Plaintiff
and Appellee,**

v.

**Dennis LEMBKE, Defendant
and Appellant.**

Crim. Nos. 910363, 910364.

Supreme Court of North Dakota.

April 21, 1992.

Benjamin C. Pulkrabek (argued), City Atty., Mandan, for plaintiff and appellee.

Rodney K. Feldner (argued), Mandan, for defendant and appellant.

MESCHKE, Justice.

Dennis Lembke appeals convictions of driving under suspension, reckless driving, and leaving the scene of an accident. Lembke argues that a photographic lineup and the other evidence identifying him as the driver was not enough to convict him. We hold the identification evidence sufficient, and we affirm.

Lawrence Murphy, with Mike Berger along, drove by the Silver Dollar Bar about 10:30 P.M. on March 9, 1991. A blue, four-wheel-drive, Ford pickup came out of the parking lot and rammed Murphy's red pickup on the passenger door. When Murphy stopped, the blue pickup repeatedly backed up and struck Murphy's vehicle, then pushed past, and drove away. During the ramming, Murphy got out, went to the blue pickup, opened the driver's door, and asked the driver to wait. The driver said, "I'm leaving," and kept going. Berger also got out, went around to the blue pickup, and unsuccessfully grabbed for the keys of the blue pickup as it drove away.

Murphy and Berger described the driver to the investigating officers as "a fairly big man, tall man with beard and glasses and long hair." Berger also described the driver's hair as dark. An unidentified passerby gave Berger a piece of paper with the license number of the blue pickup, and Berger gave that paper to the officers. The officers traced the license number to Lembke's vehicle, a blue, four-wheel-drive, Ford pickup. Two days later, the officer's assembled a set of six individual photographs, including Lembke's. Murphy and Berger separately viewed the photos and identified Lembke as the driver.

Lembke was charged with violating Mandan city ordinances by driving under suspension, reckless driving, and leaving the scene of an accident. At the trial without a jury, Murphy and Berger described the collision and, without objection, identified Lembke as the driver. The officers testified about their investigation, tracing the license number to Lembke, and assembling the lineup of six photographs, including Lembke's. Officer Straabe testified that "Mr. Berger came in, sat down, and it took

[him] a very, very—I'm talking like thirty seconds, and he pointed [Lembke] out right now." Officer Straabe said that Murphy "took a little bit longer than" Berger, but that both "just picked [Lembke] out right now."

On cross-examination, Lembke's counsel offered the lineup of six photos into evidence in an effort to show the misleading character of the lineup. At the close of the prosecution's case, Lembke's counsel moved for a judgment of acquittal based on "various contradictions in the testimony, including the fact that the photo lineup is at the very best questionable." After the trial court denied an acquittal, Lembke and his two teenage sons testified that, on the day of the accident, they had spent all day together from breakfast until after midnight while celebrating the younger son's birthday. Lembke and his sons also testified that his pickup had not been damaged on that day, and that no one had ever inspected his pickup for damage or paint scrapings.

Lembke's counsel argued to the trial court that the photo lineup had been impermissibly suggestive: "There's only two people that even close to resembled the description that was given, and one of them has blond hair and the other one has dark hair and that's my client." Lembke's counsel argued "that's such a prejudicial ... photographic lineup that the Court should even discount the probability of it. It's just basically the only picture that [an]ybody could have picked out of that group would have been [Lembke]."

The trial court found Lembke guilty of all three charges, reasoning:

One thing Berger and Murphy appeared to be certain of was the identification of Mr. Lembke. Mr. Berger testified he was four feet away from the driver of the other vehicle. Mr. Berger claims that he was even closer when he opened ... the truck door. And the description of the truck matches, the license plate....

The trial court commented

why Officer Straabe would include a Native American ... in his photo lineup, I have no idea. Doesn't even come close to what Mr. Lembke would look like. The other pictures are people with beards, and except for the one fellow that had his beard shaven at one time, I would say they're pretty close. They don't have glasses, obviously. On at least six pictures with men with beards ..., only two people wearing glasses, Mr. Lembke and [another] fellow....

The trial court determined, as a matter of fact, that the identifications of Lembke by both Berger and Murphy were accurate, and that they were not "misled in any direction" by the photo lineup. The court found the identification of Lembke by Murphy and Berger more credible than the conflicting testimony of Lembke and his sons.

On appeal, Lembke argues that the photographic identification was impermissibly suggestive so as to create a substantial likelihood of irreparable mis-identification. Lembke also argues that there was not enough evidence to corroborate the identification made from the "impermissibly suggestive photographic lineup," nor to contradict the testimony by Lembke and his sons.

The City responds that the trial court "made no finding that the photographic identification procedure was suggestive," and that "the identification was reliable under the totality of the circumstances." We agree.

This court has considered the admissibility of identification procedures that were asserted to be impermissibly suggestive. *State v. Packineau,* 423 N.W.2d 148 (N.D. 1988) (Dates on five, and identifying numbers on all eight, lineup photographs did not make the photographic identification impermissibly suggestive as a matter of law.); *State v. McKay,* 234 N.W.2d 853, 858 (N.D.1975) (Victim's close observation of accused during commission of crime, accurate description of the accused, and timely identification establish independent basis for admissibility of the in-court identification, separate and apart from any suggestive out-of-court viewing of photos.)

Like concerns are relevant in weighing identification evidence.

The deficiency asserted here is the absence of glasses from four of the six photos arranged for this lineup. We conclude, as a matter of law, that the absence of glasses does not alone make this photographic lineup impermissibly suggestive. Here, Berger and Murphy both closely observed Lembke at the scene, accurately described him to the investigating officers, and promptly identified him in the lineup two days after the occurrence. Lembke was fairly and sufficiently identified.

Reviewing the evidence in the light most favorable to the convictions, as we do, we conclude that the identification evidence warranted Lembke's convictions.

ERICKSTAD, C.J., and LEVINE, VANDE WALLE and JOHNSON, JJ., concur.