**CITY OF FARGO, Plaintiff and Appellee,**

v.

**Kevin Paul TERNES, Defendant and Appellant.**

**Cr. No. 940103.**

Supreme Court of North Dakota.

Oct. 3, 1994.

George E. Duis, Fargo, for defendant and appellant.

Thomas J. Gaughan, City Prosecutor, Fargo, for plaintiff and appellee.

SANDSTROM, Justice.

Kevin Ternes appeals from a judgment of conviction for driving under the influence, driving under suspension, driving without liability insurance, and failing to give information or render aid in an accident. Ternes claims police officers were not justified in making a warrantless entry and arrest in his home. Ternes also claims his statements should be suppressed because officers failed to give him a timely *Miranda* warning. We affirm the conviction.

## I

Kevin Ternes ran a stop sign guarding University Drive in south Fargo, on the evening of October 1, 1993. A van struck the passenger side of Ternes's pickup shattering the window. Ternes received a cut to his right cheek. The van was damaged beyond repair. Ternes managed to continue driving and went to his home in a nearby trailer park. An eyewitness followed Ternes home and reported his location to Fargo police.

The officers arrived at Ternes's home and observed the damaged pickup parked in front of the trailer. Inside the truck's cab, they witnessed blood on the seat and blood mingled with glass on the dashboard and steering wheel. A trail of blood droplets led from the truck to the door of the trailer. Upon questioning neighbors, the police officers learned Ternes had entered the trailer just moments before their arrival.

Certain Ternes was inside, the officers knocked on the door and called out for Ternes. They continued to do so for approximately two to three minutes. During this time, the officers discussed what should be done. After receiving no response, and fearing Ternes's injuries could be severe, they opened the door. The officers observed pools and smears of blood on the kitchen linoleum floor. They entered the trailer with first aid supplies and continued to call out for Ternes.

The officers found Ternes crouched in his bathroom shower stall, holding a towel to the gash on his cheek, which was bleeding profusely. He showed signs of weakness and incoherence, later testifying he did not know what he would have done if the officers had not arrived. The officers tended to the wound with a first aid kit. They attempted to call an ambulance, but Ternes refused due to the expense.

After the bleeding was controlled, the three went back out to the kitchen. The officers questioned Ternes about the accident, his driving record, and insurance on the truck. Ternes contends he was not given a Miranda warning before the questioning. The officers testified Miranda had been given. No finding of fact was made on the issue. The officers then arrested Ternes.

Ternes says Miranda was given at the time of arrest. Ternes was taken directly to a nearby hospital and received eleven stitches on his cheek. While at the hospital, a blood sample was taken. The State Toxicologist's report indicated a blood-alcohol concentration of .19 percent.

Ternes moved to suppress and dismiss based on the warrantless entry and arrest, and for failure to give a timely Miranda warning. The motion was denied based on exigent circumstances, justifying the officers' entry. The trial court never reached the Miranda issue. Later, at trial, Ternes stipulated

> "that [he] was driving under suspension at the time of this incident; that he had no liability insurance at the time of the incident on the automobile that he was operating; that he left the scene of the accident in violation of the city ordinance; and that the blood test showed a BAC of .19."

At the conclusion of the trial, Ternes was found guilty on all counts. The trial judge held, "the Defendant pursuant, basically, to stipulation will be found guilty on all counts."

This Court has jurisdiction under Art. VI, § 6, N.D. Const., and N.D.C.C. § 29–28–06(2). The appeal is timely under Rule 4(b), N.D.R.App.P.

## II

### A

The City claims the officers entered Ternes's home because there was an emergency. The trial court agreed no warrant was required due to the emergency. The trial court's finding the officers entered believing an emergency existed is a question of fact. See People v. Mitchell, 39 N.Y.2d 173, 347 N.E.2d 607, 610, 383 N.Y.S.2d 246, 249 (1976), cert. denied, 426 U.S. 953, 96 S.Ct. 3178, 49 L.Ed.2d 1191 (1976); see also Root v. Gauper, 438 F.2d 361, 365 (8th Cir.1971) (in judging lawfulness of entry, court must consider whether officers in fact reasonably believed an emergency existed). We will not upset a finding of fact unless clearly erroneous. See State v. Packineau, 423 N.W.2d 148, 151 n. 1 (N.D.1988). A finding of fact is

clearly erroneous if there is no evidence to support it, or although there is some evidence to support it, a reviewing court is left with a definite and firm conviction a mistake has been made after reviewing the entire evidence. *State v. VanNatta,* 506 N.W.2d 63, 65 (N.D.1993).

Ternes claims the search was illegal under the Fourth Amendment to the United States Constitution and Article I, Section 8 of the North Dakota Constitution. The Fourth Amendment to the United States Constitution, applied to the states by the Fourteenth Amendment, provides:

> "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

U.S. Const. Amend. IV.

Further, the North Dakota Constitution protects the right of the people to be secure in their persons, houses, papers, and effects from unreasonable searches and seizures. Art. 1, § 8, N.D. Const.

■ The emergency doctrine allows police to enter a dwelling without a warrant to render emergency aid and assistance to a person whom they reasonably believe to be in distress. *Root v. Gauper,* 438 F.2d at 364. The emergency doctrine was recognized by this Court in *Lubenow v. North Dakota State Highway Comm'r,* 438 N.W.2d 528 (N.D. 1989). In *Lubenow,* police entered a garage, part of the residence, without a warrant to render assistance to Lubenow. Lubenow was arrested for driving under the influence based on police observations. *Lubenow* at 529–30. After reviewing the history and rationale for the emergency doctrine, guidelines for its application were laid out.

> "The basic elements of the [emergency doctrine] exception may be summarized in the following manner:
>
> "(1) The police must have reasonable grounds to believe that there is an emergency at hand and an immediate need for their assistance for the protection of life or property.
>
> "(2) The search must not be primarily motivated by intent to arrest and seize evidence.
>
> "(3) There must be some reasonable basis, approximating probable cause, to associate the emergency with the area or place to be searched."

*Lubenow* at 533 (quoting *People v. Mitchell,* 39 N.Y.2d 173, 347 N.E.2d 607, 609, 383 N.Y.S.2d 246, 248 (1976)).

■ The first guideline was satisfied, the Court said in *Lubenow,* because information obtained from an eyewitness and the officer's own observations established reasonable grounds to believe there was an immediate need for assistance. *Lubenow.* In this case, the officers testified they knew Ternes was in a serious accident. They also testified a great deal of blood was inside the pickup and led to the front door of the trailer. Fearing Ternes was badly injured and unable to answer, the officers decided to enter. Ternes confirmed these fears when he testified he did not know what he would have done if the officers had not arrived. Under these circumstances, the trial court found the officers reasonably believed an emergency was present.

Under the second guideline of *Lubenow,* the officers' primary motivation to enter must not be to arrest and seize evidence. In *Lubenow,* this Court looked to the testimony of the officer as evidence of the motivation behind the entrance. *Lubenow.* In this case, two officers testified they entered because they believed emergency assistance was necessary. The officers then administered first aid. They did not question Ternes until after the bleeding was controlled. The officers then took Ternes directly to the hospital. The trial court found the officers entered to aid Ternes.

The third guideline of *Lubenow* requires a reasonable basis to associate the emergency with the area to be searched. In *Lubenow,* this Court held the entrance into Lubenow's garage was directly connected to the emergency. *Lubenow.* Here, the officers entered

the trailer, located Ternes, and administered first aid.

The evidence supports the trial court's finding. We are not left with a definite and firm conviction a mistake has been made.

### B

Ternes next argues the United States Supreme Court case, *Welsh v. Wisconsin,* 466 U.S. 740, 104 S.Ct. 2091, 80 L.Ed.2d 732 (1984), is controlling. In *Welsh,* police officers entered the home of a DUI suspect at night, without a warrant, to make the arrest. The Court held the arrest invalid and concluded a warrantless home arrest cannot be upheld simply because evidence of the suspect's blood-alcohol level might dissipate. *Welsh,* 466 U.S. at 754, 104 S.Ct. at 2100, 80 L.Ed.2d at 746. The only potential emergency claimed by the State for the warrantless entry was the need to obtain the suspect's blood-alcohol content. *Welsh,* 466 U.S. at 753, 104 S.Ct. at 2099, 80 L.Ed.2d at 745. In this case, unlike *Welsh,* the trial court found there was an emergency present requiring law enforcement officials' entrance to protect human life. The United States Supreme Court has never directly ruled on the emergency doctrine, but has recognized its validity. "We do not question the right of the police to respond to emergency situations." *Mincey v. Arizona,* 437 U.S. 385, 392, 98 S.Ct. 2408, 2413, 57 L.Ed.2d 290, 300 (1978). After noting the numerous state court decisions upholding the doctrine, the Court stated "[t]he need to protect or preserve life or avoid serious injury is justification for what would be otherwise illegal absent an exigency or emergency." *Mincey* (quoting *Wayne v. United States,* 318 F.2d 205, 212 (D.C.Cir. 1963), *cert. denied,* 375 U.S. 860, 84 S.Ct. 125, 11 L.Ed.2d 86 (1963) (opinion of Burger, J.)). *Welsh* does not require reversal here.

### III

On appeal, Ternes claims evidence obtained by the officers, following the entrance into his home, is inadmissible because they failed to give a timely *Miranda* warning. After reviewing the record, we conclude this issue need not be addressed.

At trial, Ternes stipulated to all factual allegations and pronounced all he was contesting was the officers' entry and lack of exigent circumstances. After ruling there was an emergency justifying the officers' entry, the trial court concluded by stating, "[Ternes] pursuant, basically, to stipulation will be found guilty on all counts."

When evidence is obtained from a criminal defendant without benefit of a *Miranda* warning, typically the remedy is to suppress the statements as a violation of the privilege against self-incrimination. *See State v. Newnam,* 409 N.W.2d 79, 82 (N.D.1987). The statements obtained from Ternes were not the basis for his conviction. The trial court relied solely on the stipulation. For all practical purposes, the statements were suppressed.

### IV

The judgment of conviction is affirmed.

VANDE WALLE, C.J., and NEUMANN, LEVINE and MESCHKE, JJ., concur.