Opinion
BURKE, P. J.
Jeffrey Peter Poulson (Poulson) was arrested in his home after a warrantless entry by police. He was charged with driving under the influence of alcohol, causing an accident and an injury, and hit-and-run. The trial court granted Poulson’s Penal Code section 1538.5 motion to suppress. We reverse, concluding that the officer’s warrantless entry into defendant’s home was justified by a reasonable belief defendant or his wife was in need of aid or assistance for injuries suffered in the accident.

Facts

On May 18, 1997, about 7:30 p.m., Officer Richard Berry of the Arroyo Grande Police Department was dispatched to a traffic accident. He found an abandoned Chevrolet straddling the sidewalk at the end of a trail of skid marks and collision debris. The car came to a rest against a brick wall and was heavily damaged. The path the car took was indicated by more than 125 feet of skid marks and scuff marks on the road and by debris from the trees, shrubbery, dirt and fences the car went through to reach its point of rest.
Both air bags deployed during the event. The air bag on the passenger’s side was streaked with blood, and the officers found blood smeared on the fractured passenger-side windshield and on the armrest of the right door panel. There were droplets of blood on the passenger-side seat cushion and right-side floor mat. There were droplets of blood on the driver’s seat and smeared blood on the webbing of the driver’s seat belt.
Officer Berry retrieved a notebook or ring binder from the car, which contained the name, address and telephone number of Mrs. Patricia Poulson, defendant’s wife. Officer Berry directed Officer David Sanchez to go to the address and contact whomever might be found there. Officer Sanchez went to the Poulson residence and shortly later advised Officer Berry that he found blood on a walkway leading up to the front door and saw blood smeared on the doorframe. Officer Sanchez reported that he knocked on the door but no one answered. Officer Sanchez telephoned the home twice. On the first call, a male answered the telephone but hung up. The second call was taken by an answering machine. When Officer Berry arrived at the *Supp. 4 Poulson residence, he also knocked on the front door but received no answer. Based upon these circumstances, Officer Berry called for an ambulance and fire department emergency medical technicians (EMT’s). He then began to look for a way into the house.
Officer Berry found a window on the front of the house, which afforded a view into the kitchen. Officer Berry called “Police!” but received no reply. Shortly thereafter, he heard a woman’s voice and within a few seconds saw Mrs. Poulson walk into view. She had blood on her face from a cut over her right eye. Officer Berry told her to meet him at the front door, but she refused, saying “Everything is all right” or I’m perfectly all right.” Mrs. Poulson also told Officer Berry “Do not come in.” The trial court found she did not appear to require hospital care. The trial court also found Mrs. Poulson was not lying about her condition. Her appearance and demeanor showed she was capable of making a decision to refuse medical care.
Officer Berry testified that notwithstanding Mrs. Poulson’s protest, “taking the accident scene, the blood, and this obvious impact on the windshield, I decided to enter the residence because I didn’t feel safe leaving her there and worried about her safety and well-being.” Officer Berry climbed through the kitchen window and went to the front door to let the EMT’s into the house. Poulson’s attorney objected to questions about Mr. Poulson’s condition and stipulated that if the police were justified in entering the house, they had probable cause to arrest him.

Standard of Review

In reviewing the defendant’s motion to suppress, we are bound by the trial court’s factual findings, whether express or implied, if they are supported by substantial evidence. Once the facts have been established, the reasonableness of the search is a question of law upon which the reviewing court exercises its independent judgment. (People v. Loewen (1983) 35 Cal.3d 117, 123 [196 Cal.Rptr. 846, 672 P.2d 436]; People v. Leyba (1981) 29 Cal.3d 591, 596-597 [174 Cal.Rptr. 867, 629 P.2d 961].)

Warrantless Entry for Exigent Circumstances

Entering a dwelling without a warrant is justified when an officer is presented with compelling circumstances that reasonably demand this response. “[Wjarrants are generally required to search a person’s home or his person unless ‘the exigencies of the situation’ make the needs of law enforcement so compelling that the warrantless search is objectively reasonable .... [Citations.]” (Mincey v. Arizona (1978) 437 U.S. 385, 393-394 [98 S.Ct. 2408, 2414, 57 L.Ed.2d 290].)
*Supp. 5 Numerous cases hold it is proper for police to enter a residence without a warrant when it is reasonably apparent a person is in need of emergency aid. (Root v. Gauper (8th Cir. 1971) 438 F.2d 361; State v. Sanders (1973) 8 Wn.App. 306 [506 P.2d 892].) In Mincey v. Arizona, the court noted that officials are not barred “from making warrantless entries and searches when they reasonably believe that a person within is in need of immediate aid.” (Mincey v. Arizona, supra, 437 U.S. at p. 392 [98 S.Ct. at p. 2413], italics added.) The “emergency aid exception” is one of many community caretaking functions of the police that provide the basis for a warrantless entry of a dwelling. Judge Warren Burger expressed this principle as follows: “[A] warrant is not required to break down a door to enter a burning home to rescue occupants or extinguish a fire, to prevent a shooting or to bring emergency aid to an injured person. The need to protect or preserve Ufe or avoid serious injury is justification for what would be otherwise illegal absent an exigency or emergency .... A myriad of circumstances could fall within the terms ‘exigent circumstances’, . . . e.g., smoke coming out a window or under a door, the sound of gunfire in a house, threats from the inside to shoot through the door at police, [are] reasonable grounds to believe an injured or seriously ill person is being held within.” (Wayne v. United States (D.C. Cir. 1963) 318 F.2d 205, 212 [115 App.D.C 234] (conc. opn. of Washington, J.).)
Reasonable suspicion that aid or assistance may be needed is the showing required to justify a warrantless entry. Simply declaring an “emergency” is not enough. The standard is objective. The facts must demonstrate a reasonable basis for the belief that an emergency exists and that a prudent and reasonable official would see a need to act. (Root v. Gauper, supra, 438 F.2d 361.) The officer must be able to point to specific and articulable facts which, taken with rational inferences from those facts, reasonably warrant that intrusion. If it was reasonable for Officer Berry to believe there were individuals inside the house who were either injured or in need of assistance, his entry was lawful. (People v. Roberts (1956) 47 Cal.2d 374, 377 [303 P.2d 721]; see City of Fargo v. Ternes (N.D. 1994) 522 N.W.2d 176 [officers encountered a serious motor vehicle accident, found blood leading from the vehicle to the front door and had no response to their knock].)
The circumstances surrounding the accident and Mrs. Poulson’s condition reasonably led Officer Berry to suspect she needed assistance. The crash that brought Officer Berry to Mr. Poulson’s home was severe. There was significant damage to the car and the other property involved in the accident. Blood was smeared on one of the air bags, on the windshield and on other parts of the car. Blood was found on the walkway leading up to the front door and was smeared on the doorframe. No one would answer the *Supp. 6 door or the telephone although the investigating officers knew at least one injured bleeding person was inside the house. When Officer Berry looked into the house, he saw Mrs. Poulson with blood on her face from a cut over her right eye. Although the officers were required to consider Mrs. Poulson’s statement that she was “perfectly all right,” they were not bound by it. (People v. Higgins (1994) 26 Cal.App.4th 247, 251 [31 Cal.Rptr.2d 516].) Considering all the facts and circumstances proved at the hearing, and giving deference to the facts found by the trial court, it was objectively reasonable for Officer Berry to conclude that she was not “all right” and that head injuries might be affecting her judgment. Officer Berry reasonably suspected the an emergency existed that required his entry into the Poulson residence even over the objection of Mrs. Poulson.

Disposition

The order suppressing the evidence is reversed and the matter is remanded to the trial court for further proceedings.
Estrada-Mullaney, J., and Money, J., concurred.