2015 ND 132

**STATE of North Dakota, Plaintiff and Appellee**

v.

**James Christian BAUER, Defendant and Appellant.**

No. 20140453.

Supreme Court of North Dakota.

May 27, 2015.

Charles Burke Neff, Assistant State's Attorney, Watford City, ND, for plaintiff and appellee.

Elizabeth Ledgerwood Pendlay, Crosby, ND, for defendant and appellant.

CROTHERS, Justice.

[¶ 1] James Christian Bauer appeals from a criminal judgment entered upon his conditional plea of guilty to refusal to submit to a chemical test. Bauer pled guilty after the district court denied his motion to suppress and dismiss his charge of refusal to submit to a chemical test. Bauer argues the district court erred in denying his motion when it determined the use of post-arrest, post-*Miranda* silence did not violate Bauer's constitutional rights

against self-incrimination, due process or the Fifth Amendment. We affirm.

## I

[¶ 2] In February 2014, Watford City Police Officer Dylan Bostic stopped Bauer for speeding at approximately 3:00 a.m., on Highway 85, near Watford City. During the stop, the officer noticed Bauer had slurred speech, watery and bloodshot eyes, poor balance and alcohol on his breath. The officer asked Bauer to submit to field sobriety testing, but Bauer declined. The officer read Bauer the North Dakota implied consent advisory and asked Bauer to submit to a preliminary breath test. Bauer agreed. The test showed a blood alcohol content over the legal limit for driving. The officer arrested Bauer for driving while under the influence and read Bauer his *Miranda* rights. The officer asked Bauer if he understood his rights, but Bauer remained silent. After transporting Bauer to the county jail, the officer again read Bauer the North Dakota implied consent advisory and asked Bauer if. he would submit to a blood draw at the hospital. Bauer did not answer. The officer left Bauer in the squad car to consider his options and upon return, again asked if Bauer would submit to a blood draw. Bauer remained silent. The officer told Bauer if he did not answer, his silence would be considered a refusal. Bauer did not respond. The officer cited Bauer for refusal to submit to onsite screening or chemical test.

[¶ 3] Bauer moved to dismiss the charge and, in the alternative, to suppress evidence and dismiss the charge, alleging the State's use of Bauer's post-arrest, post-*Miranda* silence as a refusal under N.D.C.C. § 39–08–01 violates his constitutional rights against self-incrimination, due process or the Fifth Amendment. The district court denied Bauer's motion, find-

ing Bauer's argument failed because his silence was refusal by inaction. Bauer entered a conditional guilty plea to the charge of refusal to submit to onsite screening or chemical test, reserving his right to appeal the district court's denial of the Fifth Amendment and due process claims. Bauer appeals.

## II

[¶ 4] Our standard of review regarding a trial court's decision to grant or deny a motion to suppress is well established.

"[T]his Court defers to the district court's findings of fact and resolves conflicts in testimony in favor of affirmance. This Court will affirm a district court decision regarding a motion to suppress if there is sufficient competent evidence fairly capable of supporting the district court's findings, and the decision is not contrary to the manifest weight of the evidence. Questions of law are fully reviewable on appeal, and whether a finding of fact meets a legal standard is a question of law."

*State v. Morin*, 2012 ND 75, ¶ 5, 815 N.W.2d 229 (quoting *State v. Johnson*, 2009 ND 167, ¶ 6, 772 N.W.2d 591). "We review de novo a claimed violation of a constitutional right." *City of Fargo v. Salsman*, 2009 ND 15, ¶ 21, 760 N.W.2d 123.

## III

[¶ 5] Bauer argues his charge of refusal to submit to onsite screening or chemical test under N.D.C.C. § 39–08–01(1)(e)(2) is unconstitutional, as applied, because the use of his silence as a refusal under N.D.C.C. § 39–08–01 violates his Fifth Amendment protection against self-incrimination and is contrary to the *Miranda* protections. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694

(1966). The district court found Bauer's argument fails because his silence was refusal by inaction.

[¶ 6] Under N.D.C.C. § 39–08–01(1)(e)(2):

"1. A person may not drive or be in actual physical control of any vehicle upon a highway or upon public or private areas to which the public has a right of access for vehicular use in this state if any of the following apply:

. . . .

"e. That individual refuses to submit to any of the following:

. . . .

"(2) A chemical test, or tests, of the individual's blood, breath, or urine to determine the alcohol concentration or presence of other drugs, or combination thereof, in the individual's blood, breath, or urine, at the direction of a law enforcement officer under section 39–20–01[.]"

[¶ 7] "Section 39–20–01, N.D.C.C., sets forth the implied consent requirements for motor vehicle drivers in general." *State v. Birchfield*, 2015 ND 6, ¶ 7, 858 N.W.2d 302. Section 39–20–01(3), N.D.C.C., provides: "The law enforcement officer shall inform the individual charged that North Dakota law requires the individual to take the test to determine whether the individual is under the influence of alcohol or drugs" and "refusal to take the test directed by the law enforcement officer is a crime punishable in the same manner as driving under the influence." "It is axiomatic that before there can be a 'refusal' to submit to testing under Section 39–20–01, there must be a valid request for testing under the statute." *Throlson v. Backes*, 466 N.W.2d 124, 126 (N.D.1991).

[¶ 8] In *State v. Beaton*, this Court explained:

"In *Miranda v. Arizona*, 384 U.S. 436, 444 [86 S.Ct. 1602, 16 L.Ed.2d 694] (1966), the United States Supreme Court held that a defendant's statements during custodial interrogation were inadmissible in criminal proceedings unless procedural safeguards had been employed to secure the privilege against self-incrimination afforded by the Fifth Amendment to the United States Constitution:

" '[T]he prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. As for the procedural safeguards to be employed, unless other fully effective means are devised to inform accused persons of their right of silence and to assure a continuous opportunity to exercise it, the following measures are required. Prior to any questioning, the person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed.' "

516 N.W.2d 645, 648 (N.D.1994). Bauer argues his silence cannot be used to prove his refusal to undergo chemical testing. Bauer argues the officer used his silence to "assume" Bauer was criminally refusing instead of simply invoking his right to remain silent.

[¶ 9] The United States Supreme Court in *South Dakota v. Neville*, ex-

plained, "Most courts applying general Fifth Amendment principles to the refusal to take a blood test have found no violation of the privilege against self-incrimination." 459 U.S. 553, 560, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983). Such courts reasoned that "refusal to submit is a physical act rather than a communication and for this reason is not protected by the privilege." *Id.* at 560–61, 103 S.Ct. 916. In contrast, the minority view is "that the refusal is a tacit or overt expression and communication of defendant's thoughts" and "that the Constitution simply forbids any compulsory revealing or communication of an accused person's thoughts or mental processes, whether it is by acts, failure to act, words spoken or failure to speak." *Id.* at 561, 103 S.Ct. 916 (citations and quotation marks omitted). Ultimately, the Court in *Neville* held, "[A] refusal to take a blood-alcohol test, after a police officer has lawfully requested it, is not an act coerced by the officer, and thus is not protected by the privilege against self-incrimination." *Id.* at 564, 103 S.Ct. 916 (footnote omitted); *see also State v. Murphy,* 516 N.W.2d 285 (N.D.1994).

[¶ 10]. In contrast to *Neville,* Bauer points to *Doyle v. Ohio,* which explains, "[W]hen a person under arrest is informed, as *Miranda* requires, that he may remain silent, ... it seems to me that it does not comport with due process to permit the prosecution during the trial to call attention to his silence at the time of arrest." 426 U.S. 610, 619, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). The Court in *Doyle* further explains, "Surely [the defendant] was not informed here that his silence, as well as his words, could be used against him at trial." *Id.*

[¶ 11] Here, the officer informed Bauer it would be considered a refusal if he did not answer. Bauer remained silent. Bauer argues no evidence exists that dem-

onstrates refusal other than his silence. Bauer notes that he was not taken to a facility, such as a hospital, or other circumstance or location where some physical or non-verbal manifestation of refusal could have been observed and that he was not given an opportunity to demonstrate refusal. However, in *Gardner v. N.D. Dep't of Transp.,* we explained, "[F]ailure to submit to a test, whether by stubborn silence or by a negative answer, can be a refusal. A physical failure to cooperate may also amount to a refusal." 2012 ND 223, ¶ 15, 822 N.W.2d 55 (citations and quotation marks omitted). Bauer refused to indicate whether he would or would not take the test, even after warned that his lack of response would be deemed a refusal.

[¶ 12] Bauer argues the issuance of *Miranda* warnings and an implied consent advisory provides contradicting admonitions—the right to remain silence and the notification that silence or refusal could be used against him—which could "trick" or confuse the defendant. The United States Supreme Court considered these contradictions in *Neville*:

"Moreover, the *Miranda* warnings emphasize the dangers of choosing to speak ('whatever you say can and will be used as evidence against you in court'), but give no warning of adverse consequences from choosing to remain silent. This imbalance in the delivery of *Miranda* warnings, we recognized in *Doyle,* implicitly assures the suspect that his silence will not be used against him. The warnings challenged here, by contrast, contained no such misleading implicit assurances as to the relative consequences of his choice. The officers explained that, if respondent chose to submit to the test, he had the right to know the results and could choose to take an additional test by a person chosen by him. The officers did not specifi-

cally warn respondent that the test results could be used against him at trial. Explaining the consequences of the other option, the officers specifically warned respondent that failure to take the test could lead to loss of driving privileges for one year. It is true the officers did not inform respondent of the further consequence that evidence of refusal could be used against him in court, but we think it unrealistic to say that the warnings given here implicitly assure a suspect that no consequences other than those mentioned will occur. Importantly, the warning that he could lose his driver's license made it clear that refusing the test was not a 'safe harbor,' free of adverse consequences.

"While the State did not actually warn respondent that the test results could be used against him, we hold that such a failure to warn was not the sort of implicit promise to forego use of evidence that would unfairly 'trick' respondent if the evidence were later offered against him at trial. We therefore conclude that the use of evidence of refusal after these warnings comported with the fundamental fairness required by Due Process." 459 U.S. at 565–66, 103 S.Ct. 916 (footnotes omitted).

[¶ 13] We addressed this issue in *State v. Fields*, explaining:

"[O]ur holding here does not mean that an individual may assert the right to remain silent when requested by an officer to submit to a blood-alcohol test, pursuant to Chapter 39–20, N.D.C.C., because the Fifth Amendment privilege against self-incrimination does not apply under these circumstances. If the person allows the test, to which he has already impliedly consented under Section 39–20–01, N.D.C.C., the results are not 'testimonial' and may be admitted into evidence. *Schmerber v. [Califor-*

*nia],* 384 U.S. 757 [86 S.Ct. 1826, 16 L.Ed.2d 908] (1966); *State v. Miller,* 146 N.W.2d 159 (N.D.1966). Thus there is no impingement of Fifth Amendment rights in requiring a person to respond to an officer's request to submit to a blood-alcohol test.

"Because an arrested person does not have the constitutional right to remain silent when asked whether or not he will submit to a blood-alcohol test, the officer, if he gives the *Miranda* warnings prior to asking the person to take the test, should inform the person that if he refuses to take the test, *whether by silence or negative answer,* his license is subject to suspension. This procedure may prevent the confusion that could result where a person is informed of his *Miranda* rights and then is asked whether or not he will submit to a blood test. *See generally Agnew v. Hjelle,* 216 N.W.2d 291 (N.D.1974)."

294 N.W.2d 404, 410 (N.D.1980) (emphasis added) (footnotes omitted).

[¶ 14] Bauer argues *Fields* is distinguishable because "[i]n *Fields,* the Defendant agreed verbally to submit to a chemical test after having admitted to driving a motor vehicle involved in an accident. He had not yet been Mirandized when the blood test was requested by law enforcement or when he admitted to driving. Fields never invoked his right to silence, with or without the *Miranda* warning, and the State was not attempting to use silence as evidence against Fields." Bauer also argues *Fields* is dicta and should not be followed here. He argues *Fields* involved suspension of a license, not criminal charges. The North Dakota Legislature criminalized refusal in 2013. Bauer claims the consequences discussed in *Fields* and the criminal consequences discussed here are vastly different and, therefore, the protections also should be different.

[¶ 15] While a portion of *Fields* may have been advisory, the principles relied upon in *Fields* are applicable to this case. The Fifth Amendment privilege against self-incrimination does not apply when an individual asserts his right to remain silent after an officer requests the individual to submit to a blood-alcohol related test pursuant to N.D.C.C. ch. 39–20. Under *Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966) and *State v. Miller*, 146 N.W.2d 159 (N.D. 1966), if a person allows the test, to which he already impliedly consented under N.D.C.C. § 39–20–01, the results are not "testimonial" and may be admitted into evidence. Therefore, no impingement of Fifth Amendment rights exist by requiring a person to respond to an officer's request to submit to the test. In *Fields*, we suggested an officer should inform the individual of the consequences if he refuses to take the test, whether by silence or negative answer. Such a warning would "prevent the confusion that could result where a person is informed of his *Miranda* rights and then is asked whether or not he will submit to a blood test." *Fields*, 294 N.W.2d at 410. The officer here did just that. Moreover, we explained that refusal by silence or action can be used as evidence of refusal. *See Beaton*, 516 N.W.2d at 649 (concluding the fact of refusal, not the words of refusal, is admissible). The State's use of Bauer's failure to respond to the officer's request to submit to a chemical test as a refusal under N.D.C.C. § 39–08–01 does not violate Bauer's constitutional rights against self-incrimination, due process or the Fifth Amendment.

IV

[¶ 16] Use of Bauer's silence as a refusal under N.D.C.C. § 39–08–01 is not a violation of his Fifth Amendment protection against self-incrimination, nor contrary to the *Miranda* protections when coupled with the North Dakota implied consent advisory. We affirm the district court order denying Bauer's motion to dismiss, or in the alternative, suppress evidence and the criminal judgment.

[¶ 17] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, CAROL RONNING KAPSNER and DALE V. SANDSTROM, JJ., concur.