2016 ND 15

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Dustin Hayes KNOX, Defendant and Appellant.**

No. 20150125.

Supreme Court of North Dakota.

Jan. 14, 2016.

Charles B. Neff, Assistant State's Attorney, Watford City, N.D., for plaintiff and appellee.

Samuel A. Gereszek, East Grand Forks, MN, for defendant and appellant.

CROTHERS, Justice.

[¶ 1] Dustin Knox appeals from a judgment entered after he conditionally pled guilty to drug charges, reserving his right to appeal the denial of his motion to suppress. Knox argues the district court erred in denying his motion to suppress because the police officer did not have reasonable suspicion to stop his vehicle. We reverse and remand to the district court for findings explaining the basis for denying Knox's motion to suppress.

I

[¶ 2] Knox was arrested and charged with possession of a controlled substance, possession of drug paraphernalia and driving while his license was suspended.

[¶ 3] A preliminary hearing was held and McKenzie County Sheriff's Deputy Per Perez testified he was dispatched to Zoe Road for reported drug activity at the M & M Trailer Park. Perez testified he received information from State Radio that the reporting party stated a blue Toyota pickup truck and a gray Jeep Cherokee were driving around the trailer park selling drugs. The reporting party stated the vehicle's occupants attempted to sell him drugs. Perez testified he arrived in the area of the trailer park about four or five minutes after being dispatched, observed a gray Jeep Cherokee on Zoe Road and stopped the vehicle which Knox was driving. Perez arrested Knox after determining his driving privileges were suspended. Perez searched the vehicle and found methamphetamine and drug paraphernalia. The district court found there was probable cause to believe Knox committed an offense.

[¶ 4] Knox moved to suppress evidence, arguing the stop of his vehicle was illegal because the officer did not have reasonable suspicion, the stop was based on an anonymous tip and the tip was neither corroborated nor reliable. The district court denied his motion. Knox conditionally pled guilty to possession of a controlled substance and possession of drug paraphernalia, reserving the right to appeal the denial of his motion to suppress. The charge of driving under suspension was dismissed.

II

[¶ 5] Knox argues the district court erred in denying his motion to suppress.

He contends the stop of his vehicle was illegal, the officer did not have reasonable suspicion to justify the stop, the officer was acting on information from an anonymous informant, the information was a bare assertion that the occupants of a gray Jeep and a blue Toyota were selling drugs, and the officer did not corroborate the tip.

[¶ 6] Our standard of review of a district court's decision denying a motion to suppress is well established:

> "[T]his Court defers to the district court's findings of fact and resolves conflicts in testimony in favor of affirmance. This Court will affirm a district court decision regarding a motion to suppress if there is sufficient competent evidence fairly capable of supporting the district court's findings, and the decision is not contrary to the manifest weight of the evidence. Questions of law are fully reviewable on appeal, and whether a finding of fact meets a legal standard is a question of law."

*State v. Bauer*, 2015 ND 132, ¶ 4, 863 N.W.2d 534 (quoting *State v. Morin*, 2012 ND 75, ¶ 5, 815 N.W.2d 229).

[¶ 7] An officer conducting an investigatory traffic stop must have a reasonable and articulable suspicion the motorist has violated or is violating the law. *State v. Rahier*, 2014 ND 153, ¶ 12, 849 N.W.2d 212. An officer has reasonable suspicion if, under the totality of the circumstances, a reasonable person in the officer's position would be justified by some objective manifestation to believe that the person stopped engaged in or was about to engage in criminal activity. *Id.* at ¶ 13. The determination of whether the facts in a case support a reasonable suspicion is a question of law which is fully reviewable on appeal. *City of Dickinson v. Hewson*, 2011 ND 187, ¶ 6, 803 N.W.2d 814.

[¶ 8] Information from an informant or a tip may provide the factual basis for a stop if it provides the officer with a reasonable suspicion. *Rahier*, 2014 ND 153, ¶ 12, 849 N.W.2d 212; *Hewson*, 2011 ND 187, ¶ 9, 803 N.W.2d 814. The reliability of an informant is relevant in determining whether the officer had reasonable suspicion. *Hewson*, at ¶ 10. "Although the totality-of-the-circumstances approach makes categorization difficult, our cases involving reasonable suspicion arising from an informant's tip demonstrate the inverse relationship between quantity and quality, and may be analyzed generally according to the type of tip and, hence, its reliability." *State v. Miller*, 510 N.W.2d 638, 640 (N.D.1994). "As a general rule, the lesser the quality or reliability of the tip, the greater the quantity of information required to raise a reasonable suspicion." *Hewson*, at ¶ 9 (quoting *Anderson v. Dir., N.D. Dep't of Transp.*, 2005 ND 97, ¶ 10, 696 N.W.2d 918).

[¶ 9] The district court denied Knox's motion to suppress, ruling:

> "The Court finds the State's brief persuasive. The tip was anonymous, however it did provide sufficient information for law enforcement to corroborate at least the type of vehicle, a grey Jeep Cherokee, and the vehicle's location. As well as provide information regarding the specific type of illegal activity the defendant was engaged in at the time the tipster called. The totality of the circumstances provides a constitutional basis for the vehicle stop and continued investigation."

[¶ 10] "We cannot properly review a decision, however, if the district court fails to make adequate findings explaining the basis for its ultimate conclusion." *State v. Juntunen*, 2014 ND 86, ¶ 3, 845 N.W.2d 325. "A reviewing court needs to know the reasons for the trial

court's decision before it can intelligently rule on the issues, and if the trial court does not provide an adequate explanation of the evidentiary and legal basis for its decision, we are left to merely speculate whether the court properly applied the law." *In re Estate of Nelson*, 2015 ND 122, ¶ 8, 863 N.W.2d 521.

[¶ 11] After reviewing the district court's order denying Knox's motion to suppress, we are unable to understand the rationale for its decision. The court made few factual findings and stated it found the State's brief persuasive. But no further explanation was provided. The district court did not make adequate findings explaining the basis for its ultimate conclusion. *See Nelson*, 2015 ND 122, ¶ 9, 863 N.W.2d 521 (stating the district court did not sufficiently explain the reasons for its decision by indicating it relied on the grounds for dismissal argued in the party's brief).

[¶ 12] The district court also did not cite any legal authority in support of its decision and did not consider a recent decision from the United States Supreme Court about an investigatory traffic stop based on information from a tip. In *Navarette v. California*, — U.S. —, 134 S.Ct. 1683, 1690–91, 188 L.Ed.2d 680 (2014), the Supreme Court held information from a 911 caller was sufficiently reliable to provide the police with reasonable suspicion to justify an investigatory stop of a vehicle matching the caller's description. The officer did not observe any additional suspicious conduct before stopping the vehicle, but the Court held the information from the 911 call bore adequate indicia of reliability because the caller claimed an eyewitness basis of knowledge. *Id.* at 1689. The timeline of events indicated the caller reported the incident soon after it occurred, and the caller used the 911 system which provided safeguards against callers making false reports. *Id.* at 1689–90.

[¶ 13] Although neither party cited *Navarette* in their arguments to the district court or in their initial appellate briefs, we allowed both parties to submit additional briefing about the case and we conclude it is relevant to the issues raised in Knox's motion to suppress. The district court did not make any specific findings about the reporting parties' reliability. This Court merely reviews findings of fact and does not make its own findings of fact. *State v. Boehm*, 2014 ND 154, ¶ 22, 849 N.W.2d 239. We are unable to properly review this issue without factual findings from the district court.

[¶ 14] The district court's decision indicates the reporting party was an anonymous informant; however, evidence in the record established the officer was able to contact and interview the reporting party after stopping Knox's vehicle. Evidence exists that the reporting party did not want his name used because he knew the people in the vehicle. This evidence strongly suggests the reporting party was not an anonymous informant. *See Anderson*, 2005 ND 97, ¶ 14, 696 N.W.2d 918 (holding informant was not anonymous because the informant's identity was easily ascertainable). We have said "[i]nformation from an informant whose identity is easily ascertainable has a higher indicia of reliability than information obtained from a purely anonymous informant." *Hewson*, 2011 ND 187, ¶ 10, 803 N.W.2d 814.

[¶ 15] We conclude the district court's findings are not adequate and do not explain the basis for its decision; thus we are unable to properly review the issues raised on appeal. We reverse and remand to allow the district court to consider current case law and to provide an explanation of the evidentiary and legal basis for its deci-

sion. On remand, the court may hear additional evidence if it chooses to do so.

### III

[¶ 16] We reverse the judgment and order denying Knox's motion to suppress and we remand for proceedings consistent with this opinion.

[¶ 17] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, CAROL RONNING KAPSNER and DALE V. SANDSTROM, JJ., concur.