2017 ND 142

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Todd Albert WILKIE, Defendant and Appellant**

No. 20160401

Supreme Court of North Dakota.

Filed 6/7/2017

Ashley Hinds (argued), third-year law student, under the Rule on Limited Practice of Law by Law Students, Carmell F. Mattison (appeared), Grand Forks, ND, for plaintiff and appellee.

David N. Ogren, Grand Forks, ND, for defendant and appellant.

Crothers, Justice.

[¶ 1] Todd Wilkie appeals a criminal judgment after conditionally pleading guilty to reckless endangerment, fleeing or attempting to elude a peace officer and driving under suspension, reserving the right to appeal the denial of his motion to suppress evidence and dismiss the case. Wilkie argues the district court erred in determining the University of North Dakota police officer had jurisdiction to initiate a traffic stop. We affirm.

I

[¶ 2] In August 2016 UND police officer Anthony Thiry was traveling east on Gateway Drive when he saw a vehicle traveling east on the 3000 block of Gateway Drive at a fast rate of speed and exhibiting erratic driving behavior. Officer Thiry checked the vehicle's license plate and discovered the owner, Wilkie, had a suspended drivers license. The vehicle driver matched Wilkie's description. According to Officer Thiry, he activated his overhead lights attempting to stop Wilkie before he entered the intersection of Gateway Drive and North Columbia Road.

[¶ 3] According to Officer Thiry the vehicle continued traveling eastbound through the intersection, turned sharply into the parking lot of a business, ran a stop sign and accelerated to about 76 miles per hour. The vehicle eventually was disabled after hitting a median on Washington Street. Wilkie fled by foot and was apprehended by law enforcement. Wilkie was charged with reckless endangerment, fleeing or attempting to elude a peace officer, leaving the scene of an accident and driving under suspension.

[¶ 4] Wilkie filed a motion to suppress evidence and dismiss the case, arguing Officer Thiry lacked jurisdiction to stop him. After a hearing the district court entered

an order finding Officer Thiry was within the UND police department's jurisdiction and had official capacity and power to arrest Wilkie because UND owns the property encompassing the eastbound lane of Gateway Drive. The district court further determined Officer Thiry was in hot pursuit of Wilkie when Wilkie did not stop his vehicle within UND police department's jurisdiction. Wilkie conditionally pled guilty, reserving his right to appeal the denial of his motion to suppress evidence and dismiss the case. Wilkie appeals.

## II

[¶5] Wilkie argues the district court erred by denying his motion to suppress evidence and dismiss his case. Wilkie contends Officer Thiry was outside of UND police department's jurisdiction when attempting to initiate a traffic stop. This Court's review of a district court's decision denying a motion to suppress is well established:

"[T]his Court defers to the district court's findings of fact and resolves conflicts in testimony in favor of affirmance. This Court will affirm a district court decision regarding a motion to suppress if there is sufficient competent evidence fairly capable of supporting the district court's findings, and the decision is not contrary to the manifest weight of the evidence. Questions of law are fully reviewable on appeal, and whether a finding of fact meets a legal standard is a question of law."

*State v. Knox*, 2016 ND 15, ¶6, 873 N.W.2d 664 (quoting *State v. Bauer*, 2015 ND 132, ¶4, 863 N.W.2d 534).

## III

[¶6] As a general rule a police officer acting outside his jurisdiction "is without official capacity and without official power to arrest." *Kroschel v. Levi*, 2015 ND 185, ¶7, 866 N.W.2d 109 (quoting *Johnson v. Dep't of Transp.*, 2004 ND 148, ¶10, 683 N.W.2d 886). Section 15-10-17(2), N.D.C.C., permits the state board of higher education to "[a]uthorize the employment of law enforcement officers having concurrent jurisdiction with other law enforcement officers to enforce laws and regulations *at its institutions*." (Emphasis added). In *Kroschel v. Levi*, 2015 ND 185, ¶12, 866 N.W.2d 109, we explained:

"Section 15-10-17, N.D.C.C., outlines the powers and duties of the state board of higher education. The board of higher education may '[a]uthorize the employment of law enforcement officers having concurrent jurisdiction with other law enforcement officers to enforce laws and regulations *at its institutions*.' N.D.C.C. § 15-10-17(2) (emphasis added). By the plain language of this statute, the board may employ law enforcement officers and permit concurrent jurisdiction with other law enforcement officers *at its institutions*. The statute does not authorize the board to permit campus law enforcement to act outside its institutions."

(Emphasis in original).

[¶7] The dispositive issue in this case is whether sufficient competent evidence established Officer Thiry attempted to initiate a traffic stop of Wilkie on property under the definition of "at its institutions."

[¶8] The district court found Officer Thiry had authority to arrest Wilkie because UND owns the real property where Officer Thiry attempted to stop Wilkie:

"The State has provided a copy of the documents transferring to UND the property on which the eastbound lane of Gateway Drive is located (Exhibits 2–5, Doc. Nos. 33–36). The property is subject to an easement(s) which includes the eastbound lane of Gateway Drive. A copy of the plat drawing for the proper-

ty reflects UND's ownership of the property subject to an easement for the eastbound lanes of Gateway Drive (Exhibit 5, Doc. No. 36). The easement for Gateway Drive, a public roadway, does not extinguish UND's ownership of the property. *Hjelle v. J.C. Snyder and Sons*, 133 N.W.2d 625, 628–29 (N.D. 1965). Absent documentation transferring the property upon which Gateway Drive is located from UND to another entity or individual, the record establishes UND's ownership of the property. Because UND owns the property, Officer Thiry was within UND Police Department's jurisdiction and he had official capacity and official power to arrest Wilkie."

█ [¶ 9] Wilkie does not dispute UND at one time owned the property under the eastbound lane of Gateway Drive, subject to a public easement. Wilkie argues, by virtue of the easement, Gateway Drive does not fit the definition of "at its institutions" under N.D.C.C. § 15–10–17(2). "In interpreting a statute, we give words their plain, ordinary and commonly understood meaning." *Kroschel v. Levi*, 2015 ND 185, ¶ 9, 866 N.W.2d 109 (quoting *State v. Beilke*, 489 N.W.2d 589, 592 (N.D. 1992)); *see also* N.D.C.C. § 1–02–02. Under N.D.C.C. § 15–10–17(2), the plain meaning of "at its institutions" includes property owned by the university.

[¶ 10] We conclude sufficient competent evidence supports the district court's finding that UND owns property encompassing the eastbound lane of Gateway Drive. The record shows UND obtained ownership of property encompassing the eastbound lane of Gateway Drive to the intersection of Gateway Drive and Columbia Road through a final distribution of the estate of H.A. Bronson. The Final Decree of Distribution Nunc Pro Tunc provides the property encompassing Gateway Drive is assigned and vested in UND:

"TO THE STATE OF NORTH DAKOTA, doing business as, THE UNIVERSITY OF NORTH DAKOTA, GRAND FORKS, NORTH DAKOTA, as long as it be and remains a University of North Dakota:

The Northeast Quarter (NE1/4) of Section Five (5), Township One Hundred Fifty-one (151), Range Fifty (50), Grand Forks County, North Dakota, subject however to a life estate in the net rents and profits to Alice Bronson and Clementine Johnson, during their respective lives."

[¶ 11] In 2000 this property was surveyed and platted as the "University Village Addition." The plat of University Village Addition dedicated the streets and alleys as an easement for public use:

"We, the undersigned, being all the Owners and lien holders of the lands platted herein, do hereby voluntarily consent to the execution of the Plat of University Village Addition to the City of Grand Forks, Grand Forks County, North Dakota and do dedicate the streets, alleys, parks and public grounds as shown thereon . . . to the public use."

█ [¶ 12] An easement for public use does not relinquish the owner's property rights subject to the easement. *See Riverwood Commercial Park, LLC v. Standard Oil Co., Inc.*, 2011 ND 95, ¶ 8, 797 N.W.2d 770 ("An easement is an interest in land consisting in the right to use or control the land, or an area above or below it, for a specific limited purpose[.]") (internal citation and quotation omitted); *Donovan v. Allert*, 11 N.D. 289, 91 N.W. 441, 442 (1902) (an owner "who dedicates by plat does not convey an absolute fee to the public, but reserves the whole estate and title, except the limited fee conveyed to the public for the designated and intended

use."); *Hjelle v. J.C. Snyder and Sons*, 133 N.W.2d 625, 629–30 (N.D. 1965) (holding landowner retains right to use property subject to highway easement); *Burleigh County Water Resource Dist. v. Burleigh County*, 510 N.W.2d 624, 628 (N.D. 1994) ("A landowner abutting an open section line retains ownership of the property within the easement, subject to the public's right to travel.").

[¶ 13] Because the plain meaning of "at its institutions" includes property owned by the university, and because an easement for public use does not relinquish the owner's property rights, the district court did not err in finding UND owned the property encompassing eastbound Gateway Drive, subject to a public easement.

[¶ 14] Further, evidence supports the district court's finding that Officer Thiry attempted to stop Wilkie on UND property. Officer Thiry testified he activated his overhead lights while traveling east on Gateway Drive, after passing the turning lane to Engelstad Arena Drive and prior to Wilkie's vehicle entering the intersection of Columbia Road and Gateway Drive. Officer Thiry marked on a map received into evidence that he activated his overhead lights after passing the turning lane to Engelstad Arena Drive and before the intersection of Columbia Road and Gateway Drive. Sufficient evidence supports the district court's finding that Officer Thiry attempted to stop Wilkie while on UND owned property. The district court properly found Officer Thiry was within the UND police department's jurisdiction when he attempted to stop Wilkie.

IV

[¶ 15] Wilkie claims the district court erred in finding Officer Thiry was in hot pursuit of Wilkie. Wilkie argues UND did not activate his overhead lights while in UND's jurisdiction. The district court found hot pursuit permitted Officer Thiry to extend his jurisdiction to pursue Wilkie after Wilkie did not voluntarily stop on UND owned property, explaining:

"Officer Thiry observed inappropriate driving behavior while Wilkie was driving in the eastbound lane of Gateway Drive, on property owned by UND and subject to the easement. Officer Thiry activated his emergency overhead lights while on UND-owned property in an attempt to stop Wilkie. Wilkie did not voluntarily stop his vehicle in response to the emergency overhead lights. No Grand Forks Police Department or other law enforcement officers with jurisdiction were in the immediate area and Wilkie would have evaded arrest if Officer Thiry did not continue his pursuit of Wilkie."

16] "An officer's authority to arrest also extends beyond the officer's geographical jurisdiction when in 'hot pursuit' under N.D.C.C. § 40–20–05." *State v. Demars*, 2007 ND 145, ¶ 11, 738 N.W.2d 486. Section 40–20–05(2), N.D.C.C., defines the term "hot pursuit" as: "the immediate pursuit of a person who is endeavoring to avoid arrest."

[¶ 17] Sufficient competent evidence supports the district court's finding that Officer Thiry was in hot pursuit of the vehicle driven by Wilkie. Officer Thiry testified he activated his overhead lights after passing the turning lane to Engelstad Arena Drive and prior to Wilkie's vehicle entering the intersection of Columbia Road and Gateway Drive. Officer Thiry testified Wilkie did not stop, continued through the intersection of Gateway Drive and Columbia Road, cut through a parking lot, failed to stop at a stop sign and eventually reached speeds exceeding 76 miles an hour. According to Officer Thiry, he believed Wilkie would have been able to evade arrest had he not continued the pursuit. Officer

Thiry believed Grand Forks police department officers were on their way but did not see them while pursuing Wilkie. We conclude sufficient competent evidence supports the district court's finding that hot pursuit permitted Officer Thiry to extend his capacity and authority to stop and arrest Wilkie.

V

[¶ 18] We have considered the parties' other arguments and conclude they are without merit or unnecessary for disposition of this case. We affirm the criminal judgment.

[¶ 19] Daniel J. Crothers

Lisa Fair McEvers

Carol Ronning Kapsner

Jerod E. Tufte

Gerald W. VandeWalle, C.J.