1998 ND 126

**CITY OF FARGO, Plaintiff and Appellant,**

**v.**

**Christopher David LEE, Mark Richard Richter, Zachary Ryan Stensland, Thoralf Thomas Thompson, Jeffrey Paul Trudeau, Jeremy Lee Schlumpberger, Marcus Bryan Boog, Jared John Grunig, Defendants and Appellees.**

**Criminal Nos. 970299–970306.**

Supreme Court of North Dakota.

June 30, 1998.

Thomas J. Gaughan, and Stacey Tjon Aasland, Fargo, City Prosecutors, for plaintiff and appellant.

Bruce D. Quick of Vogel, Kelly, Knutson, Weir, Bye & Hunke, Fargo, for defendants and appellees; argued by Alana DeKrey, a third-year law student.

NEUMANN, Justice.

[¶ 1] The City of Fargo appeals from an order of the Cass County district court, granting a motion for suppression of evidence. We affirm.

[¶ 2] On April 13, 1997, at approximately 4:20 a.m., police officers responded to a complaint of a loud party taking place at the Alpha Tau Omega (ATO) fraternity house in Fargo. Police officers could hear the loud music from approximately one-half block away. As officers approached the ATO house, beer bottles were thrown from the window.[1] The officers requested additional backup. Officer Richard Griffin shined a flashlight at a third floor window from which the loud music was emanating and the bottles had been thrown. The individuals in the window backed away, did not throw any more bottles, and shut off the stereo.

[¶ 3] At nearly the same time, Officer Chad Hagen went to the front door and attempted to ring the doorbell. The doorbell was not working, so Officer Hagen knocked on the door. Receiving no response, Officer Hagen then pounded on the door. The heavy wooden door swung open. The officers could see individuals they thought were intoxicated minors just inside the door, as well as cans and beer bottles lying in the entryway. The officers instructed the individuals to get either a resident, or a fraternity officer of the house. Zachary Stensland came to the door. The parties disputed before the trial court whether Stensland consented to the police officers entering the house.

[¶ 4] Jeff Trudeau, vice president of the ATO fraternity, was called at his apartment and soon thereafter arrived at the fraternity house. Trudeau accompanied police officers around the house, providing keys for locked rooms when necessary, in an effort to disperse those people who did not live there. Trudeau testified he felt he had no choice but to show the officers around the house, as he was threatened with being charged with a crime if he did not.

[¶ 5] Some individuals were charged with loud party violations. Others were charged with minor in possession or minor in consumption of alcohol. The defendants moved to suppress all the evidence obtained after the officers entered the fraternity house, as the search was made without a search warrant. The trial court granted the motion. The City of Fargo appeals from the order granting the motion to suppress.

[¶ 6] The City of Fargo asserts the crimes being committed or attempted in the police officers' presence created exigent circumstances justifying a warrantless entry into the ATO fraternity house.

[¶ 7] When reviewing the disposition of a motion to suppress evidence, we defer to the trial court's findings of fact. *State v. Kitchen,* 1997 ND 241, ¶ 11, 572 N.W.2d 106. Conflicts in testimony are resolved in favor of affirmance, recognizing the trial court is in a superior position to assess the credibility of witnesses and weigh the evidence. *Id.* at ¶ 11, 572 N.W.2d 106. The trial court's disposition of a motion to suppress will not be reversed if there is sufficient competent evidence fairly capable of

---

1. Initially, the officers thought the bottles were being thrown at them, but later discovered other bottles on the ground around the house, evidenc-ing those throwing the bottles may have been "just doing it goofing around."

supporting the trial court's findings, and the decision is not contrary to the manifest weight of the evidence. *State v. Sabinash,* 1998 ND 32, ¶ 8, 574 N.W.2d 827 (relying on *State v. Bjornson,* 531 N.W.2d 315, 317 (N.D. 1995)); *City of Fargo v. Thompson,* 520 N.W.2d 578, 581 (N.D.1994).

[¶ 8] Individuals are protected from unreasonable searches and seizures in their homes by the Fourth Amendment to the United States Constitution, and by Article I, section 8 of the North Dakota Constitution. Warrantless searches and seizures inside a home are presumptively unreasonable. *Payton v. New York,* 445 U.S. 573, 586, 100 S.Ct. 1371, 1379–80, 63 L.Ed.2d 639, 650 (1980). A fraternity house is afforded the same Fourth Amendment status to its residents as a home. *Reardon v. Wroan,* 811 F.2d 1025, 1027, n. 2 (7th Cir.1987). The government has the burden to show a warrantless search falls within an exception to the warrant requirement. *State v. Avila,* 1997 ND 142, ¶ 16, 566 N.W.2d 410.

[¶ 9] Consent is an exception to the warrant requirement. *Id.* at ¶ 16, 566 N.W.2d 410. Here, the trial court specifically found no voluntary consent was given. This finding is supported by Jeff Trudeau's testimony, and by an affidavit of Zachary Stensland. The trial court's finding of no voluntary consent is not against the manifest weight of the evidence.

[¶ 10] Exigent circumstances is the only other exception to the warrant requirement raised below. Exigent circumstances "has been defined as an emergency situation requiring swift action to prevent imminent danger to life or serious damage to property, or to forestall the imminent escape of a suspect or destruction of evidence." *State v. Nagel,* 308 N.W.2d 539, 543 (N.D.1981) (citation omitted). The government has the burden to demonstrate exigent circumstances existed in order to overcome the presumption a warrantless search is unreasonable. *State v. Ackerman,* 499 N.W.2d 882, 885–86 (N.D. 1993) (relying on *Welsh v. Wisconsin,* 466 U.S. 740, 750, 104 S.Ct. 2091, 2098, 80 L.Ed.2d 732, 743 (1984)).

[¶ 11] The trial court considered the fraternity residents' reasonable expectations of privacy when making its findings. The trial court found the door of the fraternity house was shut, and the officers' entry into the house was an intrusion. The trial court found the officers entered the fraternity house without a warrant and without an exception to the search warrant requirement. While the trial court did not make a specific finding on the absence of exigent circumstances, such a finding is implicit in the trial court's broader ruling.

[¶ 12] The City of Fargo argues crimes being committed in their presence creates exigent circumstances. The City relies on N.D.C.C. § 29–06–15 authorizing a law enforcement officer to make an arrest without a warrant if an offense is committed in the officer's presence. However, this statute does not authorize a warrantless entry into a home to search. *See State v. Ackerman,* 499 N.W.2d at 885–86 (holding no exigent circumstances existed when police officers responded to loud music complaint, smelled marijuana, entered the home without consent, and did not immediately arrest for an offense committed in their presence).

[¶ 13] The only crimes being committed in the officers' presence were class B misdemeanors, relatively minor infractions. The United States Supreme Court stated in *Welsh v. Wisconsin,* 466 U.S. at 753, 104 S.Ct. at 2099, 80 L.Ed.2d at 745, "application of the exigent circumstances exception in the context of a home entry should rarely be sanctioned when there is probable cause to believe that only a minor offense ... has been committed." We do not believe the crimes allegedly being committed here created exigent circumstances justifying entering the ATO house to search for evidence. The trial court's finding that no exception to the warrant requirement existed is not against the manifest weight of the evidence.

[¶ 14] We affirm the district court's order granting the motion for suppression of evidence.

[¶ 15]VANDE WALLE, C.J., and MARING, MESCHKE and SANDSTROM, JJ., concur.