Filed 4/10/12 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2012 ND 75

State of North Dakota, Plaintiff and Appellee

v.

Richard Morin, Defendant and Appellant

No. 20110303

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Sonna M. Anderson, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Chief Justice.

Jason J. Hammes, Assistant State’s Attorney, Courthouse, 514 E. Thayer Ave., Bismarck, ND 58501, for plaintiff and appellee.

Steven Balaban, 200 N. Mandan St., Bismarck, ND 58501, for defendant and appellant.

State v. Morin

No. 20110303

VandeWalle, Chief Justice.

[¶1] Richard Morin appealed from a criminal judgment entered upon his conditional plea of guilty to the charge of simple assault on a peace officer.  Morin pled guilty after the district court denied his motion to suppress evidence.  We affirm.

I.

[¶2] On October 26, 2010, Bismarck police officers responded to a domestic-

disturbance call at the residence of Morin and Christine Chase, Morin’s girlfriend. At the suppression hearing, Chase and Officer Dustin Miller, one of the officers who responded, testified.  Chase said she called 911 because Morin hit her.  Chase met the officers outside the home when they arrived.  Officer Miller testified that Chase told him Morin was intoxicated and angry, he pushed her up against a wall, and locked her out of the house.  Officer Miller said Chase was “frantic and frightened the whole time that I spoke with her[,]” and her main concern was for her three children, ages nine, five, and two, who were locked inside the home with Morin.  Officer Miller testified that Chase repeatedly mentioned using or breaking a window to enter the residence.  At the hearing, Chase testified she was calm when she called 911 and when the officers were at the home.  She said she was mainly concerned  her children would be scared because the police were at the house, and that she never told the officers she thought Morin was a threat to her children.  

[¶3] Officer Miller testified that he knocked on the door, and when Morin answered, he yelled an expletive and tried to shut the door.  Officer Miller said it was easy to determine that Morin was very intoxicated.  Officer Miller testified his main concern at that point was the safety of the children, and he stopped the door from closing by putting his arm up.  He stated he entered the residence and heard children making some noise, and he “kept walking towards that direction following [Morin] because that’s where he was going.”  Officer Miller then told Morin to stop.  Officer Miller said Morin turned and raised his fist as if to hit Officer Miller, and a physical altercation ensued. 

[¶4] Morin was charged with simple assault on a peace officer.  Morin moved to suppress evidence, alleging “[l]aw enforcement officers in this matter unlawfully entered the  residence of Mr. Morin in violation of his right to be free from unreasonable search and seizure.”  Morin moved to suppress all “illegally obtained evidence seized” as a result of the entry and any statements he made after the entry.  The State resisted Morin’s motion.  The district court held a hearing and denied Morin’s motion, determining Chase consented to Officer Miller’s entry of the home and exigent circumstances existed to allow Officer Miller to enter the home without a warrant. 

II.

[¶5] Morin argues the district court should have granted his motion to suppress evidence because Officer Miller illegally entered his residence without a warrant.  Our standard when reviewing a district court’s decision on a motion to suppress is well-established:

[T]his Court defers to the district court’s findings of fact and resolves conflicts in testimony in favor of affirmance.  This Court will affirm a district court decision regarding a motion to suppress if there is sufficient competent evidence fairly capable of supporting the district court’s findings, and the decision is not contrary to the manifest weight of the evidence.  Questions of law are fully reviewable on appeal, and whether a finding of fact meets a legal standard is a question of law.

State v. Johnson
, 2009 ND 167, ¶ 6, 772 N.W.2d 591 (quoting 
State v. Salter
, 2008 ND 230, ¶ 5, 758 N.W.2d 702).  This standard of review on a motion to suppress reflects the importance of the district court’s opportunity to observe witnesses and assess their credibility.  
State v. Doohen
, 2006 ND 239, ¶ 8, 724 N.W.2d 158.

[¶6] The right to be secure in one’s home from unreasonable searches and seizures is secured by the Fourth Amendment of the United States Constitution and by Article I, Section 8 of the North Dakota Constitution.  Warrantless searches and seizures inside a residence are presumptively unreasonable.  
City of Fargo v. Lee
, 1998 ND 126, ¶ 8, 580 N.W.2d 580.  The government bears the burden of showing the warrantless search falls within an exception to the warrant requirement.  
Id.
  

[¶7] Consent is a recognized exception to the warrant requirement.  
Id.
 at ¶ 9.  The district court must determine if the consent was voluntary under the totality of the circumstances.  
State v. Avila
, 1997 ND 142, ¶ 16, 566 N.W.2d 410.  To be voluntary, the consent must not be coerced by explicit or implicit methods or through implied threats or covert force.  
Id.
  The existence or absence of certain factors concerning the condition and characteristics of the individual at the time of consent and the details of the setting in which consent was obtained are significant in determining voluntariness, but no one factor is dispositive.  
Id.
  “[T]o sustain a finding of consent, the State must show affirmative conduct by the person alleged to have consented that is consistent with the giving of consent, rather than merely showing that the person took no affirmative actions to stop the police from entering.”  
Id.
 at ¶ 17. 

[¶8] The district court found Chase consented to Officer Miller’s entry of the home.  The district court believed Officer Miller’s testimony was more credible than Chase’s testimony.  Officer Miller testified that Chase  was “frantic,” she wanted someone to enter the home to check on the children, who were locked in the home with an intoxicated Morin, and she repeatedly said “we” need to get into the house.  There is sufficient competent evidence to support the finding that Chase consented to Officer Miller’s entry, and this decision is not contrary to the manifest weight of the evidence.

[¶9] Exigent circumstances and emergencies also may provide an exception to the warrant requirement.  
State v. Huber
, 2011 ND 23, ¶ 12, 793 N.W.2d 781.  This Court has defined exigent circumstances as “an emergency situation requiring swift action to prevent imminent danger to life or serious damage to property, or to forestall the imminent escape of a suspect or destruction of evidence.”  
Id.
 (quoting 
State v. DeCoteau
, 1999 ND 77, ¶ 15, 592 N.W.2d 579).  When reviewing a district court’s finding of exigent circumstances, this Court reviews the district court’s findings of fact, giving due weight to the inferences drawn from those facts by judges and law enforcement.  
Huber
, at ¶ 12.  Whether the facts ultimately constitute exigent circumstances is reviewed de novo.  
Id.
  Three requirements must be met to apply the emergency exception:  

(1) The police must have reasonable grounds to believe that there is an emergency at hand and an immediate need for their assistance for the protection of life or property.

(2) The search must not be primarily motivated by intent to arrest and seize evidence.

(3) There must be some reasonable basis, approximating probable cause, to associate the emergency with the area or place to be searched.

Id.
 at ¶ 13 (quoting 
State v. Matthews
, 2003 ND 108, ¶ 28, 665 N.W.2d 28). 

[¶10] The district court found exigent circumstances existed because Officer Miller had reasonable grounds to believe he needed to assess if the children were in any danger based on the circumstances, and his entrance was not motivated by an intent to arrest Morin.  The district court also found Officer Miller had reasonable grounds to enter the home and follow Morin toward the area where he heard the children’s voices.  The district court noted that Chase told the officers Morin was intoxicated and angry, and he had locked himself inside the home with three young children.  The district court’s finding of exigent circumstances is supported by the facts in this case.

[¶11] In his suppression motion, Morin requested the district court to “suppress all of the illegally obtained evidence seized after the unlawful entry in this case and any and all statements of the Defendant made after the unlawful entry into the residence.”  There is nothing in the record before us to indicate Officer Miller, or any other police officer, seized evidence or that Morin made any statements to law enforcement after Officer Miller’s entry of the home.  We question whether Morin can be acquitted of simple assault on a peace officer because of an allegedly unconstitutional entry into his home.  Arguably, this assertion may be a defense to be presented at trial.  
See
 N.D.C.C. §§ 12.1-05-06, 12.1-17-01(2) (use of force in defense of premises and property statute and simple assault statute); 
but cf.
 N.D.C.C. § 12.1-22-03(5) (criminal trespass statute does not apply to a peace officer discharging his or her official duties).  However, these issues were not presented to us.  Based on the issues before us, there is sufficient competent evidence to support the district court’s findings, and the denial of Morin’s motion is not contrary to the manifest weight of the evidence. 

III.

[¶12] We affirm the criminal judgment.  

[¶13] Gerald W. VandeWalle, C.J.

Dale V. Sandstrom

Mary Muehlen Maring

Kapsner, Justice, concurring.

[¶14] I concur in the analysis of the issues raised and in the result.  I do not join in the “question” raised by the majority in paragraph 11, because the question was not raised by the appellant’s conditional plea of guilty challenging the ruling on his suppression motion and is not necessary to the decision of this case.

[¶15] Carol Ronning Kapsner

Crothers, Justice, concurring specially.

[¶16] I agree with the majority’s consent analysis.  Majority Opinion at ¶¶ 7-8.  I also might agree exigent circumstances permitted warrantless entry into the home.  
See
 Majority Opinion at ¶¶ 9-10.  However, upon affirming the search based on consent, analysis of exigent circumstances is dicta, which should be avoided for reasons already recorded.  
See
 
Sandberg v. American Family Ins. Co.
, 2006 ND 198, ¶¶ 19-21, 722 N.W.2d 359 (Crothers, J., concurring specially).

[¶17] Daniel J. Crothers