2016 ND 232

STATE of North Dakota, Plaintiff and Appellee

v.

Dean Robert KARNA, Defendant and Appellant.

No. 20160156.

Supreme Court of North Dakota.

Dec. 5, 2016.

Ladd R. Erickson, State's Attorney, Washburn, N.D., for plaintiff and appellee; submitted on brief.

Russell J. Myhre, Valley City, N.D., for defendant and appellant; submitted on brief.

SANDSTROM, Justice:

[¶1] Dean Karna appeals the judgment entered on conditional pleas of guilty to the charges of possession of a controlled substance and possession of drug paraphernalia. The issue is whether the district court erred in denying Karna's motion to suppress evidence obtained by law enforcement while searching his home without a warrant. We affirm.

I

[¶2] In 2015, a McLean County Sheriff's dispatcher received a phone call from Karna's brother stating Karna told him he had shot their father. Sheriff's deputies were familiar with the Karna family. They knew Dean Karna and his father lived in the same trailer home. Upon arriving at their residence, the deputies saw Karna outside smoking a cigarette, blocking the entry of the home. The deputies inquired whether Karna had shot his father. After Karna said no, a deputy brushed past him and entered the home. He saw a rifle on the couch, and he detained Karna. He then reentered the home and shouted to anyone inside to come to the front door. Nobody responded to his calls, so the deputy searched for the father.

[¶3] After finding the father asleep in his bedroom, the deputy woke him and checked for injuries. He concluded the father had not been shot. While speaking with the father to ascertain what had occurred, the deputy asked whether any additional guns were in the house. The father said there was a gun in Karna's bedroom and gave the deputy permission to search his son's room. In the bathroom attached to the bedroom, the deputy saw drugs and drug paraphernalia in the sink. The deputies arrested Karna, and he was charged with two counts of possession of a controlled substance and

two counts of possession of drug paraphernalia.

[¶4] Karna moved to suppress the marijuana and drug paraphernalia evidence, arguing the deputies entered his home without a warrant and no exception applied. After an evidentiary hearing, the district court denied his motion, finding the facts established the emergency exception to the warrant requirement allowed the deputies to enter the home. Karna appeals.

[¶5] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. Karna's appeal from the criminal judgment was timely under N.D.R.App.P. 4(b). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 29–28–06.

II

[¶6] Karna argues the emergency exception to the warrant requirement does not apply to the present facts and the search was unreasonable. We have explained our standard in reviewing a district court's findings:

A trial court's findings of fact in preliminary proceedings of a criminal case will not be reversed if, after the conflicts in the testimony are resolved in favor of affirmance, there is sufficient competent evidence fairly capable of supporting the trial court's findings, and the decision is not contrary to the manifest weight of the evidence.

*City of Fargo v. Thompson*, 520 N.W.2d 578, 581 (N.D.1994). We "do not conduct a de novo review," but instead, we "evaluate the evidence presented to see, based on the standard of review, if it supports the findings of fact." *Id.*

"A de novo standard of review is applied to the ultimate determination of whether the facts constitute exigent circumstances...." [*United States v. Cooper,*

168 F.3d 336,] 339 [ (8th Cir.1999) ]. This is similar to our review of probable cause. *See State v. Kitchen,* 1997 ND 241, ¶¶ 12–13, 572 N.W.2d 106 (we defer to a trial court's findings of fact in the disposition of a motion to suppress, but whether findings of fact meet a legal standard is a question of law which is fully reviewable).

*State v. Huber,* 2011 ND 23, ¶ 12, 793 N.W.2d 781 (quoting *State v. DeCoteau,* 1999 ND 77, ¶ 15, 592 N.W.2d 579).

[¶ 7] "The Fourth Amendment of the United States Constitution and Article I, Section 8, of the North Dakota Constitution protect individuals from unreasonable searches and seizures." *State v. Nelson,* 2005 ND 11, ¶ 9, 691 N.W.2d 218 (citing *City of Fargo v. Ternes,* 522 N.W.2d 176, 178 (N.D.1994)). The Fourth Amendment to the United States Constitution, made applicable to the states by the Fourteenth Amendment, provides:

The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated; and no warrants shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV. The Fourth Amendment to the United States Constitution and article I, section 8, of the North Dakota Constitution protect individuals from unreasonable searches and seizures in their homes. *City of Fargo v. Lee,* 1998 ND 126, ¶ 8, 580 N.W.2d 580. Although warrantless searches and seizures are presumptively unreasonable, there are exceptions to the warrant requirement, such as exigent circumstances. *Id.* at ¶ 10. Exigent circumstances include "an emergency situation requiring swift action to prevent imminent danger to life or serious damage to property, or to forestall the imminent escape of a suspect or destruction of evidence." *State v. Nagel,* 308 N.W.2d 539, 543 (N.D.1981). "The emergency doctrine allows police to enter a dwelling without a warrant to render emergency aid and assistance to a person whom they reasonably believe to be in distress." *Ternes,* 522 N.W.2d at 178.

[¶ 8] The emergency exception has three requirements:

(1) The police must have reasonable grounds to believe that there is an emergency at hand and an immediate need for their assistance for the protection of life or property.

(2) The search must not be primarily motivated by intent to arrest and seize evidence.

(3) There must be some reasonable basis, approximating probable cause, to associate the emergency with the area or place to be searched.

*Nelson,* 2005 ND 11, ¶ 12, 691 N.W.2d 218. On appeal, Karna contests only whether the first requirement was satisfied. The issue, therefore, is whether law enforcement had reasonable grounds to believe an emergency existed requiring "an immediate need for their assistance for the protection of life or property."

[¶ 9] For the first requirement, an "officer's reasonable belief an emergency existed is judged by an objective standard." *Id.* This requirement is satisfied if the facts demonstrate the officer had an objectively reasonable belief that a situation involved a serious threat to an individual's health. *Id.* at ¶ 13 (citing cases from outside jurisdictions in which courts applied the emergency exception when officers were led to believe by 911 calls that injured people needed assistance). Furthermore, "[i]nformation from an informant whose identity is easily ascertainable

has a higher indicia of reliability than information obtained from a purely anonymous informant." *Anderson v. Dir., N. Dak. Dep't of Transp.*, 2005 ND 97, ¶ 15, 696 N.W.2d 918.

[¶ 10] Here the facts support the district court's conclusion that it was reasonable for the deputies to believe Karna's father was in immediate need of assistance. The deputies received a tip from an identified caller, making it more reliable than an anonymous tip, that a shooting had occurred at the Karna residence. The tip came from Karna's brother, and nothing in the record indicates the deputies had reason to suspect Karna's brother would falsely report the shooting of his father by his own brother. The deputies were familiar with the Karna family and knew Karna and his father lived together, which also supported the tip's reliability. At the time the deputy entered the residence, he could not have known the father had not been shot.

[¶ 11] Beyond the reliable tip, the district court supported its conclusion with additional findings. The father was not outside when the deputies arrived at the residence, and the district court reasoned the deputies could not ascertain whether the father had been shot before they entered the residence. The district court also recognized the seriousness of a reported gunshot wound. Such wounds can be life threatening, and the district court reasoned the seriousness of the injury meant the deputies needed to reach the father quickly. We conclude sufficient competent evidence supports the district court's findings of fact, and the findings are not contrary to the manifest weight of the evidence. We further conclude the facts constituted an emergency, an exception to the warrant requirement.

[¶ 12] After the deputies lawfully entered the home and spoke with the father, they received consent to search Karna's bedroom, where they found drugs and drug paraphernalia that resulted in Karna's criminal charges. *State v. Swenningson*, 297 N.W.2d 405, 407 (N.D.1980).

### III

[¶ 13] We conclude the deputies' actions fall within the emergency exception to the Fourth Amendment protections from unreasonable searches and seizures, justifying a warrantless entry into the Karna residence. We affirm the district court's judgment and order denying Karna's motion to suppress.

[¶ 14] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, LISA FAIR McEVERS, and CAROL RONNING KAPSNER, JJ., concur.