# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2020 ND 74

State of North Dakota,                                         Plaintiff and Appellee

v.

Frank Richard West,                                     Defendant and Appellant

No. 20190311

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Lolita G. Hartl Romanick, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Justice.

Carmell F. Mattison, Assistant State's Attorney, Grand Forks, ND, for plaintiff and appellee.

Samuel A. Gereszek, Grand Forks, ND, for defendant and appellant.

**VandeWalle, Justice.**

[¶1] Frank West appealed from a criminal judgment entered after he conditionally pled guilty to possession with intent to manufacture or deliver a controlled substance. West moved to suppress evidence alleging it was obtained during an unconstitutional search. The district court denied his motion holding the search was a valid probationary search and West lost his opportunity to seek suppression because he did not object at the time of the search. We affirm.

I

[¶2] West was temporarily staying at a residence in Grand Forks, which was home to an individual who was on supervised probation, the individual's wife, and their two minor children. Law officers conducted a warrantless search of the residence. At the time of the search, the probationer was in custody serving a thirty-day sanction for violating the terms of his probation in three cases. His probation had not been revoked, and he was subject to the following search condition:

> The Defendant shall:
>
> . . .
>
> Submit the Defendant's person, place of residence and vehicle, or any other property to which the Defendant has access, wherever they may be found, to search and seizure, with or without a search warrant at any time of day or night by any parole or probation officer or any law enforcement officer at the direction of the parole and probation officer.

[¶3] Law enforcement received a report from a local firearms store that indicated the probationer's wife had made "straw purchases" of firearms for him. Law enforcement also received information that the probationer was possibly involved in the sale of illegal drugs from his residence, and officers

1

were actively investigating that information. Possession of a firearm and selling illegal drugs were both probation violations. Based on these possible violations, the supervising probation officer, along with local police department officers, conducted a warrantless search of the probationer's residence. Law enforcement was unaware West was staying at the residence.

[¶4] When the officers entered the residence, they observed West sleeping on a couch in the living room. The officers immediately shouted commands at West to keep his hands visible. West responded by informing the officers there was a handgun located between the cushions of the couch. Officers placed West in handcuffs and began searching the residence. West remained seated on the couch and chatted with the officers. Officers observed a suitcase located in the living room near the entrance of the residence. West did not claim ownership of the suitcase. One officer reached into the suitcase and retrieved a bag of marijuana. As the officer was removing the marijuana from the suitcase, West stated it was his marijuana.

[¶5] West moved to suppress evidence arguing the warrantless search was unconstitutional. The district court denied his motion holding the search was a valid probationary search and West lost his opportunity to seek suppression because he did not object to law enforcement conducting the search. West conditionally pled guilty, reserving the right to challenge the court's denial of his motion to suppress evidence.

## II

[¶6] On appeal West argues there was no probationary purpose for the search and therefore the officers had no authority to enter the residence. He asserts the court erred when it held he lost his opportunity to seek suppression by not objecting to the search in this context.

[¶7] The following standard governs our review of a district court's decision on a motion to suppress evidence:

> A trial court's disposition of a motion to suppress will not be reversed if, after conflicts in the testimony are resolved in favor of affirmance, there is sufficient competent evidence fairly capable of

supporting the trial court's findings, and the decision is not contrary to the manifest weight of the evidence. Questions of law are fully reviewable. Whether a violation of the constitutional prohibition against unreasonable searches and seizures has occurred is a question of law.

*State v. Ballard*, 2016 ND 8, ¶ 6, 874 N.W.2d 61 (internal quotations and citations omitted).

[¶8]  Both the Fourth Amendment to the United States Constitution and art. I, § 8, of the North Dakota Constitution protect individuals from unreasonable searches and seizures.  Law enforcement may not search an individual's home without a warrant unless the search falls within one of the recognized exceptions to the warrant requirement.  *State v. Kuruc*, 2014 ND 95, ¶ 12, 846 N.W.2d 314.  Under the exclusionary rule, evidence obtained in violation of an individual's Fourth Amendment rights may not be used against that individual.  *State v. Gardner*, 2019 ND 122, ¶ 7, 927 N.W.2d 84.

A

[¶9]  West challenges the validity of the probationary search in this case. Individuals ordinarily cannot seek suppression of evidence based on the violation of a third-party's rights.  *United States v. Padilla*, 508 U.S. 77, 81 (1993); *see also Gardner*, 2019 ND 122, ¶ 6.  An individual is only entitled to the protection of the exclusionary rule when the individual has a "sufficient personal interest in the asserted violation."  *Gardner*, at ¶ 6.

[¶10] The district court analyzed West's expectation of privacy as a guest in the residence. "[A]n illegal search only violates the rights of those who have a legitimate expectation of privacy in the invaded place."  *United States v. Salvucci*, 448 U.S. 83, 91-92 (1980).  Guests have a legitimate expectation of privacy in the homes of their hosts and may invoke the protections of the Fourth Amendment.  *State v. Gatlin*, 2014 ND 162, ¶ 5, 851 N.W.2d 178.  Thus we review West's arguments in the context of his expectation of privacy as a guest in a probationer's residence. *See People v. Romeo*, 193 Cal. Rptr. 3d 96, 116 (Cal. Ct. App. 2015) ("Guests are . . . entitled to demand adherence to the proper scope of their host's search conditions, despite the usual rule prohibiting

the assertion of someone else's Fourth Amendment rights in search and seizure cases.") (citing *Rakas v. Illinois*, 439 U.S. 128, (1978)).

[¶11] We interpret the North Dakota constitution as providing probationers with the same protections from unreasonable searches as the United States Constitution provides. *State v. White*, 2018 ND 266, ¶ 7, 920 N.W.2d 742. Probationers subject to search conditions have a diminished expectation of privacy. *State v. Adams*, 2010 ND 184, ¶ 12, 788 N.W.2d 619. We have held a suspicionless search of an unsupervised probationer unconstitutional. *See Ballard*, 2016 ND 8, ¶¶ 41-42. We have also said probationary searches based on reasonable suspicion meet constitutional muster. *See White*, at ¶¶ 12-14; *see also State v. Maurstad*, 2002 ND 121, ¶ 37, 647 N.W.2d 688.

[¶12] West claims the search in this case was a subterfuge for a separate criminal investigation. He argues there was no probationary purpose for the search because the probationer was in custody and not present while the officers conducted the search. Because West was not the probationer, we interpret his claim to be that the warrantless probation search of the home violated West's expectation of privacy as a guest in the home.

[¶13] We addressed a similar argument in *State v. Stenhoff*, 2019 ND 106, 925 N.W.2d 429, a case where we held constitutional a probationary search of a residence that occurred while the probationer was in custody and not present. Stenhoff was on probation, the terms of which contained a search clause. *Id.* at ¶ 2. A petition to revoke Stenhoff's probation was filed and he was arrested at his residence. *Id.* at ¶¶ 2-3. While officers were at the residence, a child made a statement alluding to the presence of illegal drugs. *Id.* at ¶ 3. No drugs were in plain view, and the officers on scene were unable to contact Stenhoff's probation officer. *Id.* Approximately fourteen hours after Stenhoff was arrested and removed from the residence, Stenhoff's probation officer conducted a probationary search of the residence and discovered illegal contraband. *Id.* at ¶ 4.

[¶14] Stenhoff moved to suppress. *Stenhoff*, 2019 ND 160, ¶ 5. The district court granted the motion, concluding the probation officer should have sought

a warrant to search the residence. *Id.* The State appealed. *Id.* at ¶ 7. On appeal, Stenhoff argued suppression was proper because, once he was arrested, he was no longer subject to the terms of his probation. *Id.* at ¶ 13. We rejected his argument explaining the terms of his probation remained in effect until his probation was revoked.

> [W]e disagree that being in custody for a probation violation somehow terminates or suspends Stenhoff's probation or the conditions of probation.
>
> . . .
>
> [C]onditions of probation may apply when a person is incarcerated, rather than incarceration and probation being two mutually exclusive points on the continuum. Stenhoff remained on probation and subject to conditions of probation while in custody until such time as his probation was terminated or revoked.

*Id.* ¶¶ 13-14. We concluded the child's statements alluding to illegal drugs in the residence provided law enforcement with reasonable suspicion supporting the probationary search, and therefore we reversed the suppression order. *Id.* at ¶ 17.

[¶15] Similar to *Stenhoff*, the terms of probation in this case had not been revoked and therefore the probationer remained subject to the conditions of his probation despite being in custody. West nevertheless asks us to adopt a rule requiring law enforcement to conduct probationary searches in the presence of probationers. The facts of this case demonstrate why such a rule would be unsound. The probation officer testified the probationer had a history of domestic violence. Law enforcement received a report from a local firearms store that indicated the probationer's wife repeatedly purchased firearms on his behalf. The probation officer testified the purpose for the search was to remove the firearms from the residence. Doing so while the probationer was at the residence would have created an unreasonably dangerous situation.

[¶16] Because the probationer in this case was subject to a search condition and law enforcement had reasonable suspicion, based on the report they

5

received, to believe the residence contained firearms, which was a probation violation, we conclude they had authorization to enter and search the residence.

B

[¶17] Having determined the officers had authority to search the residence, we turn to whether the district court erred when it held West forfeited his ability to seek suppression of the evidence because he did not object during the search.

[¶18] Under the common-area, co-occupant consent exception to the warrant requirement, a co-occupant of a shared residence may consent to searches of the common areas of the residence. *Gatlin*, 2014 ND 162, ¶¶ 10-11. A co-occupant who does not object, or is not present to object, loses out on his opportunity to seek suppression of evidence obtained during the consent search. *Id.* at ¶ 7 (citing *State v. Hurt*, 2007 ND 192, ¶ 11, 743 N.W.2d 102).

[¶19] In *State v. Hurt*, 2007 ND 192, ¶¶ 18-20, we concluded a probationer's housemate forfeited his ability to seek suppression of evidence obtained during a probationary search of the common areas of a residence when the housemate did not object to the search. Probation officers entered the residence of a probationer who was subject to a search clause nearly identical to the search clause in the present case. *Id.* at ¶ 2. The officers did not ask for or receive consent to enter the residence, nor did they announce their arrival. *Id.* The officers found drug paraphernalia in the common area of the residence and arrested Hurt, who was the probationer's housemate. *Id.* at ¶ 3. Hurt moved to suppress evidence arguing the search was unlawful because he did not consent. *Id.* at ¶ 4. The district court denied his motion. *Id.*

[¶20] We affirmed on appeal. We explained that a search condition constitutes consent by the probationer to reasonable warrantless searches. *Hurt*, 2007 ND 192, ¶ 18 (citing *State v. Krous*, 2004 ND 136, ¶¶ 2, 19, 681 N.W.2d 822). We reasoned that because Hurt was not present when the officers entered the residence, he lost his opportunity to assert his refusal. *Hurt,* at ¶ 17. We affirmed the denial of his suppression motion. *Id.* at ¶ 21. We concluded there was no reason to treat the probationer's consent, "albeit in the form of a

6

probation term, differently from the verbal consent that could be given by any other co-occupant." *Id.* at ¶ 20.

[¶21] Under the probationer's warrantless search condition in the present case, officers had authority to search areas in the residence that were within the "common authority" of the probationer and other residents, as well as areas to which the probationer normally has access. *See Adams*, 2010 ND 184 at ¶ 13. The officers found the illegal drugs in a suitcase located near the entrance of the residence. It is undisputed this was a common area. West did not object to the search, nor did he assert ownership of the suitcase. Because he did neither, and the officers had authority to search the common areas of the residence, West has no recourse to seek suppression under our holding in *Hurt*.

### III

[¶22] We affirm the criminal judgment.

[¶23] Gerald W. VandeWalle
Daniel J. Crothers
Jerod E. Tufte
Lisa Fair McEvers
Jon J. Jensen, C.J.