FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
JUNE 3, 2021
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2021 ND 103

State of North Dakota,                                    Plaintiff and Appellee

      v.

James Scott Black,                                    Defendant and Appellant

### No. 20200256

Appeal from the District Court of Pembina County, Northeast Judicial District, the Honorable Laurie A. Fontaine, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Rebecca L. Flanders, State's Attorney, Cavalier, ND, for plaintiff and appellee.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant.

**State v. Black**
**No. 20200256**

**Jensen, Chief Justice.**

[¶1]  James Scott Black appeals from a criminal judgment entered after his conditional guilty plea to ten counts of possession of certain materials prohibited, class C felonies. Black argues the district court was required to suppress evidence obtained during an unreasonable search following an improper initial entry into his home. Black also argues the court was required to suppress evidence obtained during a subsequent search of his home pursuant to a search warrant that lacked probable cause. We conclude the initial search was not unreasonable and the subsequent search warrant was valid. We affirm.

I

[¶2]  On June 3, 2015, Pembina County deputies responded to a noise complaint at an apartment complex. The complaint included information that there was a male yelling he was going to kill someone in the apartment adjacent to the complaining party. The complaining party stated he heard a man inside the apartment throwing objects, yelling, and saying he was going to kill everyone inside the apartment. The complaining party assumed there was more than one person in the apartment even though he did not hear other voices.

[¶3]  When the deputies arrived at the apartment complex, the complaining party directed the deputies to the noisy apartment. As the deputies approached the apartment's door, they could hear loud noises within the apartment but were unable to ascertain any recognizable statements. The deputies knocked and identified themselves three separate times. After the third knock and identification, Black cracked the door open slightly. The deputies observed through the slightly opened door that Black was wearing only his underwear. The deputies did not observe any signs of injury on Black's person but noted that Black appeared to be intoxicated.

1

[¶4] While the deputies spoke to Black through the slightly opened door, Black appeared upset. Black was initially uncooperative with the deputies by refusing to give identifying information. Black yelled at the deputies to leave saying, "F—off;" "Come back with a warrant;" and "I will hold you in contempt of court." Black also made multiple attempts to close his door on the deputies. To prevent Black from closing the door, a deputy would place his foot in the doorway.

[¶5] Black eventually provided his name. The deputies told Black they would not leave until they confirmed no one within the apartment was harmed. After approximately five minutes, Black opened the door and said, "Look, nobody's here," or something to a similar effect. The deputies then entered the apartment and conducted a safety sweep.

[¶6] While inside the apartment, the deputies observed a computer monitor displaying content they thought established probable cause to believe Black was in possession of child pornography. The deputies subsequently applied for a search warrant. The affidavit accompanying the application for a search warrant described the image displayed on the computer monitor as a prepubescent female, between the ages of nine and fourteen, in a body of water and wearing underwear and a wet tee shirt which exposed the female's areolas and nipples through the shirt. The search tags associated with the image of the prepubescent female included, "omg yes," "first," "puffy," and "nipples." There were at least fourteen other open browser tabs, hidden by the active window in the browser, with titles beginning with "Pic#" followed by a number. The image was located on a website URL that includes the term "jail bait." The website contained other images of prepubescent girls posed in a lewd manner and had a "13 age bracket" search bar. The warrant was granted, and Black was subsequently charged with ten counts of possession of certain materials prohibited.

[¶7] Black filed a motion to suppress evidence arguing the images were illegally obtained pursuant to an unconstitutional warrantless search of his residence. The district court denied Black's motion, finding there were exigent circumstances to search the apartment without a warrant.

[¶8]  Black filed a second motion seeking to suppress evidence obtained after the issuance of the search warrant. Black argued the image displayed on the computer monitor was not child pornography and was not probable cause for a warrant. Further, Black argued the description of the image in law enforcement's affidavit in support of the search warrant was misleading and resulted in a defective search warrant. The district court denied the motion determining there was sufficient probable cause to issue the search warrant and determining Black failed to make a substantial showing the statements in the affidavit were false and the false statements were necessary to find probable cause.

[¶9]  Black entered a conditional plea of guilty, preserving for appeal the issues raised in the denied motions to suppress. On appeal, Black challenges the district court's ruling on both of his motions to suppress.

II

[¶10] This Court's standard of review on a district court's decision on a motion to suppress is well-established:

> [T]his Court defers to the district court's findings of fact and resolves conflicts in testimony in favor of affirmance. This Court will affirm a district court decision regarding a motion to suppress if there is sufficient competent evidence fairly capable of supporting the district court's findings, and the decision is not contrary to the manifest weight of the evidence. Questions of law are fully reviewable on appeal, and whether a finding of fact meets a legal standard is a question of law. This standard of review on a motion to suppress reflects the importance of the district court's opportunity to observe witnesses and assess their credibility.

*State v. Morin*, 2012 ND 75, ¶ 5, 815 N.W.2d 229 (internal quotations and citations omitted) (formatting omitted).

III

[¶11] Black asserts the deputies' warrantless search of his apartment was unreasonable and in violation of both the North Dakota and United States

3

constitutions. Black argues the district court erred in finding exigent circumstances eliminated the need for the deputies to obtain a warrant before entry into his apartment because there was not an existing emergency nor was it reasonable to believe an emergency was occurring. He also argues the deputies were primarily motivated by an intent to arrest and seize evidence.

[¶12] The right to be secure in one's home from unreasonable searches and seizures is secured by the Fourth Amendment of the United States Constitution and by Article I, Section 8 of the North Dakota Constitution. *City of Fargo v. Lee*, 1998 ND 126, ¶ 8, 580 N.W.2d 580. Warrantless searches and seizures inside a residence are presumptively unreasonable. *Id*. The government bears the burden of showing the warrantless search falls within an exception to the warrant requirement. *Id*.

[¶13] Exigent circumstances, also referred to as the "emergency exception," is a recognized exception to the warrant requirement. *State v. Stewart*, 2014 ND 165, ¶ 13, 851 N.W.2d 153. Exigent circumstances are defined as "an emergency situation requiring swift action to prevent imminent danger to life or serious damage to property, or to forestall the imminent escape of a suspect or destruction of evidence." *State v. DeCoteau*, 1999 ND 77, ¶ 15, 592 N.W.2d 579 (quoting *Lee*, 1998 ND 126, ¶ 10). When this Court reviews a district court's finding of exigent circumstances, the findings of fact are reviewed giving due weight to the inferences drawn from those facts by judges and law enforcement. *Morin*, 2012 ND 75, ¶ 9. We apply a de novo standard of review to the ultimate determination of whether the facts constitute exigent circumstances. *DeCoteau*, at ¶ 15.

[¶14] This Court has recognized three requirements to apply the emergency exception to a warrantless entry:

> (1) The police must have reasonable grounds to believe that there is an emergency at hand and an immediate need for their assistance for the protection of life or property.

> (2) The search must not be primarily motivated by intent to arrest and seize evidence.

4

(3) There must be some reasonable basis, approximating probable cause, to associate the emergency with the area or place to be searched.

*State v. Nelson*, 2005 ND 11, ¶ 12, 691 N.W.2d 218. An officer's reasonable belief an emergency existed is reviewed under an objective standard. *Id*. Information obtained from an informant whose identity is easily ascertainable has a higher indicia of reliability compared to information obtained from a purely anonymous informant. *State v. Karna*, 2016 ND 232, ¶ 9, 887 N.W.2d 549.

[¶15] The district court found there were exigent circumstances to search Black's apartment without a warrant. Black's neighbor reported hearing a person throwing objects, angrily yelling, and making threats to kill everyone inside Black's apartment. The neighbor was on site, met the deputies when they arrived, and directed the deputies to the apartment with the noise. Although the deputies could not understand what was being said, they heard what they described as loud, agitated noises while standing outside Black's door. When Black appeared in the doorway he was wearing only underwear, upset, and uncooperative. The deputies indicated the purpose of their entry into the apartment was to conduct a safety sweep.

[¶16] While engaging in conversation with Black, the deputies made their initial entry into his apartment by extending a foot into the doorway to prevent Black from closing the door. The deputies continued speaking with Black through the slight opening of his door until Black opened the door further, and deputies entered to conduct a safety sweep. Black directs specific attention to the fact the deputies did not engage in overwhelming physical force to immediately gain entry into the apartment for the purpose of conducting a safety sweep after they initially entered his apartment with their foot. Black contends the deputies' delay and the lack of an immediate safety sweep after their initial entry prevents a finding the deputies were acting under exigent circumstances. We reject his argument.

[¶17] We conclude there is sufficient competent evidence fairly capable of supporting the findings that the deputies had reasonable grounds to believe

5

that there was an emergency at hand and an immediate need for their assistance for the protection of life or property; that the search was not primarily motivated by intent to arrest and seize evidence; and that there was a reasonable basis, approximating probable cause, to associate the emergency with Black's apartment. When reviewing the district court's findings of fact supporting exigent circumstances, we give due weight to the inferences drawn from those facts by judges and law enforcement. *Morin*, 2012 ND 75, ¶ 9. The court's decision that there were exigent circumstances justifying a warrantless entry into Black's apartment was not contrary to the manifest weight of the evidence.

[¶18] There is sufficient competent evidence fairly capable of supporting the district court's finding of exigent circumstances. The finding is supported even though the deputies did not immediately employ overwhelming physical force to gain entry into the apartment and instead engaged in a short conversation with Black in an effort to conduct a nonconfrontational safety sweep. We affirm the court's denial of Black's motion to suppress and the finding that the warrantless entry and search of his apartment was lawful.

IV

[¶19] Subsequent to leaving the apartment after the initial entry, and before securing a search warrant, at least one deputy reentered Black's apartment. For the first time on appeal, Black challenges the constitutionality of the subsequent pre-warrant reentries into his residence. "It is well-established that 'issues which are not raised before the district court, including constitutional issues, will not be considered for the first time on appeal.'" *State v. Gray*, 2017 ND 108, ¶ 13, 893 N.W.2d 484 (quoting *State v. Kieper*, 2008 ND 65, ¶ 16, 747 N.W.2d 497). We decline to address the subsequent reentries into the apartment because they were not adequately raised and argued in the district court.

V

[¶20] In his second motion to dismiss, Black challenged the search warrant issued subsequent to the entry and safety sweep of his apartment. The search

warrant was supported by an affidavit describing what the deputies observed in the apartment during their initial entry under exigent circumstances. Black argues the image the deputies observed on his computer monitor during their initial entry was not sufficient to obtain a search warrant for possession of certain materials prohibited. Black also argues the application for the search warrant contained misleading omissions regarding the characterization of the photo, how the information was obtained, and by whom.

[¶21] "Probable cause is required for a search warrant under the Fourth Amendment to the United States Constitution, and Article 1, Section 8 of the North Dakota Constitution." *State v. Odum*, 2019 ND 105, ¶ 5, 925 N.W.2d 451. "Probable cause to search exists if the facts and circumstances relied on by the magistrate would warrant a person of reasonable caution to believe the contraband or evidence sought probably will be found in the place to be searched." *State v. Rogahn*, 2016 ND 93, ¶ 7, 879 N.W.2d 454 (quoting *State v. Ballweg*, 2003 ND 153, ¶ 11, 670 N.W.2d 490). "Whether probable cause exists to issue a search warrant is a question of law." *State v. Ebel*, 2006 ND 212, ¶ 12, 723 N.W.2d 375. "We defer to a magistrate's determination of probable cause so long as a substantial basis for the conclusion exists, and we resolve doubtful or marginal cases in favor of the magistrate's determination." *Id*. (quoting *State v. Stewart*, 2006 ND 39, ¶ 6, 710 N.W.2d 403) (quotation marks omitted).

[¶22] In reviewing the sufficiency of information before the magistrate, this Court uses the totality-of-the-circumstances test, independent of the district court's decision. *Ebel*, 2006 ND 212, ¶ 13. We have stated:

> To establish probable cause, there must be a nexus between the place to be searched and the contraband sought. Circumstantial evidence may be used to establish that nexus. Probable cause exists when there is a fair probability contraband or evidence of a crime will be found in a particular place.
>
> Mere suspicion criminal activity is taking place, which may warrant further investigation, does not rise to a level of probable cause to search. The relevant inquiry is not whether conduct is innocent or guilty, but what degree of suspicion attaches to it.

7

*Id.* at ¶¶ 13-14 (internal quotation marks and citations omitted).

[¶23] The search warrant was issued after a determination there was probable cause Black was in possession of certain materials prohibited. Possession of certain materials prohibited is statutorily defined as, "A person is guilty of a class C felony if, knowing of its character and content, that person knowingly possesses any motion picture, photograph, or other visual representation that includes sexual conduct by a minor." N.D.C.C. § 12.1-27.2-04.1.

[¶24] The affidavit accompanying the search warrant described an image displayed on the computer of a prepubescent female in a body of water wearing underwear and a wet shirt exposing the child's nipples and areolas through her shirt. The image was located on a website URL that references the term "jail bait." A deputy testified the term "jail bait" is a colloquialism used to describe an individual under the age of eighteen. The search tags associated with the image of the prepubescent female included, "omg yes," "first," "puffy," and "nipples." There were at least fourteen other open browser tabs, hidden by the active window in the browser, with titles beginning with "Pic#" followed by a number. A substantial basis for the conclusion that there was a fair probability contraband or evidence of a crime would be found in Black's apartment was presented in support of the search warrant, and we therefore defer to the magistrate's determination regarding probable cause. We affirm the denial of Black's second motion to suppress and the district court's finding that there was probable cause to support the issuance of a search warrant.

[¶25] Black also challenges the truthfulness of the information provided to the magistrate in support of the request for a search warrant. In *State v. Rogahn*, 2016 ND 93, ¶ 13, 879 N.W.2d 454, this Court stated:

> When a defendant alleges false or misleading statements have been made in the application for a search warrant, we address the issue under the standard set forth in [Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978)]. An affidavit in support of a search warrant must contain "truthful" statements. Under Franks, this does not require every statement contained in the affidavit necessarily be correct, but rather requires the statement be truthful in the sense that the information put forth is believed

or appropriately accepted by the affiant as true. A false statement under Franks is one that misleads a neutral and detached magistrate into believing the stated facts exist, and those facts in turn affect the magistrate's evaluation of whether or not there is probable cause. That standard may also apply to statements that are deliberately false or misleading by omission.

(Internal quotation marks and citations omitted.)

[¶26] The defendant bears the burden of making a (1) substantial preliminary showing, accompanied by an offer of proof, that false or misleading statements in support of the search warrant were either made knowingly and intentionally or with reckless disregard for the truth; and (2) the allegedly false or misleading statements are necessary to a finding of probable cause. *Rogahn*, 2016 ND 93, ¶ 14 (quoting *Ebel*, 2006 ND 212, ¶ 22). The district court's ruling on whether a "substantial preliminary showing" was made is considered a finding of fact. *Rogahn*, at ¶ 15 (quoting *Ebel*, at ¶ 23).

[¶27] Black contends the description of the image displaying the prepubescent female was misleading or false. Regarding this issue, he argues the affidavit's description of the individual as "prepubescent" was misleading or false because the deputy testified that he believed the individual in the image appeared to be prepubescent but also gave an age of between nine and fourteen years old, an age range Black contends is outside "prepubescent." Black also asserts the affidavit did not indicate the location of the picture was on a public beach with other individuals in the photo, implying those facts would have shown the photograph did not include a representation of sexual conduct by a minor.

[¶28] Based on our review of the record, we conclude Black failed to satisfy his burden of showing that the false or misleading statements in support of the search warrant were either made knowingly and intentionally or with reckless disregard for the truth, or that the allegedly false or misleading statements were necessary to a finding of probable cause.

## VI

[¶29] We affirm the denial of Black's first motion to suppress evidence challenging the district court's finding of exigent circumstances justifying a warrantless entry into Black's apartment. We affirm the denial of Black's second motion to suppress evidence challenging the probable cause for the search warrant issued to search his apartment. We affirm the criminal judgment based on Black's conditional plea of guilty.

[¶30] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte