# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 141

State of North Dakota,                                    Plaintiff and Appellant

v.

Elizabeth Cochran,                                       Defendant and Appellee

### No. 20200355

Appeal from the District Court of Mercer County, South Central Judicial District, the Honorable Cynthia Feland, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Jessica J. Binder, State's Attorney, Stanton, ND, for plaintiff and appellant; submitted on brief.

Justin M. Balzer, Bismarck, ND, for defendant and appellee; submitted on brief.

**Jensen, Chief Justice.**

[¶1] The State appeals from a district court order granting Elizabeth Cochran's motion to suppress evidence. The State argues the court erred in finding that a room used by Cochran, in a residence she shared with her son, was not a common area within the scope of a warrantless probationary search of the residence. The State also argues Cochran forfeited the opportunity to seek suppression of evidence obtained from the room by failing to object at the time of the search. Furthermore, the State argues the Court misapplied the law by requiring the State to establish the reason for the underlying probationary search. We affirm the court's order suppressing the evidence discovered during the search of the room.

I

[¶2]   In May 2020, Cochran resided with her son and a third individual in one half of a duplex building. The residence had three bedrooms. Cochran's son was on supervised probation and subject to warrantless probationary searches. On May 7, 2020, law enforcement officers conducted a warrantless probation search of the residence. Upon entering, officers "cleared" the residence and confirmed Cochran was the only individual present. After the residence was cleared, the probation officer directed the other officers to search different areas of the residence including a room later determined to be Cochran's bedroom. Cochran remained in the living room with the probation officer during the search. Various controlled substances and drug paraphernalia were found inside Cochran's bedroom. Cochran was subsequently charged with (1) possession with intent to manufacture or deliver methamphetamine, a class B felony; (2) unlawful possession of drug paraphernalia other than marijuana, a class A misdemeanor; (3) unlawful possession of cocaine, a class A misdemeanor; (4) unlawful possession of marijuana, an infraction; and (5) unlawful possession of marijuana, an infraction.

[¶3]   Cochran moved to suppress the evidence seized from her bedroom during the warrantless probationary search arguing the search of her bedroom was unconstitutional. The State resisted the motion arguing the room constituted a common area of the residence subject to the probationary search. At the motion hearing, the probation officer testified she was familiar with the residence and had conducted searches of that residence on at least two prior occasions. The probation officer testified she was aware different people lived in the contested room at different times, but believed the room was typically used as a storage room. To the probation officer's knowledge, that bedroom was never locked, and officers did not need to forcibly open any doors during the May 7, 2020 search.

[¶4]   A sheriff's deputy testified that the probation officer instructed him to search the bedroom after officers cleared the residence. The deputy testified the bedroom looked like a storage room with a bed in it. In addition to finding drugs and drug paraphernalia in the bedroom, the deputy found various other items including Cochran's purse and her identification. The deputy indicated there was no locking mechanism on the bedroom door, and the door was open when he entered the room. He also opined that anyone who lived in the home would have access to the room.

[¶5]   Cochran testified that she rented the room from her son for $300 per month and used the room as her bedroom. She testified the bedroom door has a deadbolt in addition to the door-handle lock. Cochran claimed she was the only person who had access to the key that locks the door to her room. During the search on May 7, 2020, Cochran remained in the living room with the probation officer while the residence was cleared and searched. She asked the probation officer if she could retrieve something from her bedroom, and the officer offered to retrieve the item for her. Cochran replied she no longer needed the item. Officers did not seek permission from Cochran to search her bedroom. Cochran did not object to the search while it was being conducted.

[¶6]   Cochran also testified she was present for a previous probationary search conducted by the same probation officer. Cochran testified that during the prior search she remained in her room with the door closed and locked. The

probation officer confirmed she did not see Cochran during the previous probation visit, and the door had been closed.

[¶7] The district court granted Cochran's motion and held Cochran's bedroom was not a common area of the residence and law enforcement did not have authority to search the bedroom as part of the probationary search. The court also concluded Cochran did not forfeit her ability to seek suppression of the evidence by failing to object at the time of the search. The State appeals from the order granting the motion to suppress.

## II

[¶8] This standard of review on a district court's decision on a motion to suppress is well established. We defer to the court's findings of fact and resolve conflicts in testimony in favor of affirmance. *State v. Black*, 2021 ND 103, ¶ 10, 960 N.W.2d 820 (citing *State v. Morin*, 2012 ND 75, ¶ 5, 815 N.W.2d 229). The district court's resolution of a motion to suppress will be affirmed on appeal if there is sufficient competent evidence fairly capable of supporting the court's findings, and the decision is not contrary to the manifest weight of the evidence. *Id.* Our standard of review on a district court's resolution of a motion to suppress reflects the importance of the court's opportunity to observe witnesses and assess their credibility. *Id.* "Questions of law are fully reviewable on appeal, and whether a finding of fact meets a legal standard is a question of law." *Id.*

[¶9] Under the Fourth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, and Article 1, § 8 of the North Dakota Constitution, individuals are protected from unreasonable searches and seizures. Law enforcement may not search an individual's home without a warrant unless the search falls within one of the recognized exceptions to the warrant requirement. *Black*, 2021 ND 103, ¶ 12. Evidence discovered in violation of the Fourth Amendment must be suppressed under the exclusionary rule if an exception does not apply to the search. *State v. Lelm*, 2021 ND 118, ¶ 9. The State bears the burden to prove a warrantless search falls within an exception to the warrant requirement. *Id.*

3

# III

[¶10] The State argues the search of Cochran's bedroom was a proper warrantless search under the common-area, co-occupant consent exception. Specifically, the State asserts the room was a common area of the residence and within the scope of the probationary search. Under the common-area, co-occupant consent exception, "a co-occupant of a shared residence may consent to searches of the common areas of the residence." *State v. West*, 2020 ND 74, ¶ 18, 941 N.W.2d 533. A probationary search condition constitutes consent for law enforcement to conduct reasonable warrantless searches of the probationer's residence. *See State v. Krous*, 2004 ND 136, ¶ 19, 681 N.W.2d 822. This Court has explained that when a warrantless search condition exists within an individual's probation terms, officers may, without a warrant, "search areas in the residence that [are] within the 'common authority' of the probationer and other residents, as well as areas to which the probationer normally has access." *West*, at ¶ 21 (citing *State v. Adams*, 2010 ND 184, ¶ 13, 788 N.W.2d 619); *see United States v. Matlock*, 415 U.S. 164, 171 n. 7 (1974) (explaining "common authority" is not to be implied from a mere property interest but rests on mutual use of the property by persons generally having joint access or control for most purposes, so that each has the right to permit inspection in his own right and so that the others have assumed the risks thereof).

[¶11] The district court determined the disputed room was not a common area subject to a probationary search. The court found it was reasonable for the bedroom door to be open when police entered the residence because Cochran answered the outer door when the officers knocked, and she was the only person present. Even though the officers testified the room appeared to be a storage room with a bed in it, Cochran's purse and identification were found in the room. Moreover, no officer testified they knew the items in the room belonged to a person other than Cochran, and there was no testimony suggesting the other residents had common authority. Despite the conflict between Cochran's testimony and that of the officers, the court found Cochran rented the bedroom for $300 per month and "clearly testified it was her room, and she alone had access and control over the locks."

4

[¶12] Our standard of review requires deference to the district court's findings of fact, and we resolve conflicts in testimony in favor of affirmance. There is sufficient competent evidence fairly capable of supporting the court's findings that the room Cochran asserts was her bedroom was not a common area, and the decision is not contrary to the manifest weight of the evidence. Upon our review of the record, we conclude Cochran had a reasonable expectation of privacy in the room, and the common-area, co-occupant consent exception to the warrant requirement does not apply to the search of Cochran's bedroom.

IV

[¶13] The State argues that, even if Cochran's room was not a common area, Cochran's failure to object to the search precludes her from subsequently seeking to suppress the evidence found in the room. The State relies on this Court's decision in *West*, which holds a "co-occupant who does not object, or is not present to object, loses out on his opportunity to seek suppression of evidence obtained during the consent search." 2020 ND 74, ¶ 18.

[¶14] Our decision in *West* is distinguishable from the present case. In *West*, this Court held an overnight guest in a probationer's home forfeited their ability to seek suppression of evidence obtained during a probationary search in the common area of the probationer's home. 2020 ND 74, ¶ 21. The officers in *West* entered the residence while the probationer was not home, but an overnight guest was present. *Id*. at ¶¶ 2 and 4. The officer engaged in a warrantless probationary search of the home. *Id*. at ¶¶ 3-4. Evidence of a drug crime was subsequently discovered within a suitcase located near the entrance of the residence. *Id*. at ¶ 4. Because the overnight guest did not object to the search, nor did they assert ownership over the suitcase, this Court concluded there was no recourse to seek suppression. *Id*. at ¶ 21; *see State v. Hurt*, 2007 ND 192, ¶¶ 18-20, 743 N.W.2d 102 (housemate of probationer forfeited ability to seek suppression of evidence obtained during a probationary search of the common areas of the house after failing to object to the search).

[¶15] In this case, Cochran's bedroom was not a common area and was a place within which Cochran had a reasonable expectation of privacy, facts distinguishable from an unclaimed suitcase within a common area as was

5

present in *West*. We conclude Cochran was not required to object to the search of her private room.

V

[¶16] The State argues the district court misapplied the law by requiring the State to establish the reason for the underlying probationary search because Cochran failed to challenge the underlying search. Although the State has the burden of proof to show evidence is not obtained in violation of a defendant's Fourth Amendment rights, it is not necessary for the State to negate every conceivable action which could have infringed upon the defendant's rights. *State v. Swenningson*, 297 N.W.2d 405, 406–07 (N.D. 1980). "Rather, the person who alleges that [their] rights have been violated must present some specific evidence demonstrating taint." *Id*. at 407.

[¶17] The district court, in its order granting the motion to suppress, noted the lack of "testimony or evidence presented at the hearing establishing reasonable suspicion to search Bobby Cochran's residence under a probation search condition." Immediately after the court noted the lack of evidence regarding the reason for the probationary search, the court concluded with the following: "Far more concerning to the Court, however, is the warrantless search of a room that was not a common area and was known by the officers to be occupied by someone other than the probationer."

[¶18] We agree with the State that Cochran did not challenge the underlying probationary search and it was unnecessary for the State to address an issue that was not challenged. However, while the district court may have improperly noted an issue not raised by Cochran, the court's order and ultimate determination properly focused on whether the disputed area was a common area subject to a warrantless search. Moreover, even if the court improperly factored in the lack of evidence establishing reasonable suspicion to search in its ultimate decision, the result is the same under the correct reasoning. *See State v. Cook*, 2018 ND 100, ¶ 25, 910 N.W.2d 179 ("We will not set aside a district court's decision simply because the court applied an incorrect reason, if the result is the same under the correct law and reasoning.") (citation and quotations omitted). The court properly suppressed

6

the evidence seized from Cochran's bedroom, and any incorrect reason that may have been considered in reaching that result does not provide grounds to set aside the decision.

## VI

[¶19] The district court's finding the disputed room was not a common area and not subject to a warrantless search is supported by a manifest weight of the evidence. Cochran was not required to object to the search of an area that was not a common area. We affirm the court's order suppressing the evidence.

[¶20] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte